THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* RICHARD HAMILTON BAER, JR., JAMES ROBERT DAVIS and TOM CHINQUAPIN VINCENT, Respondents.

Third Department, June 30, 1971.

*Roger J. Miner, District Attorney* (*Penn J. Steuerwald* of counsel), for appellant.

*Louis Patack* for respondents.

Cooke, J.   This is an appeal from an order of the County Court of Columbia County, entered April 10, 1970, which granted a motion by defendants, indicted separately for criminal possession of dangerous drugs (Penal Law, §§ 220.05, 220.20), to suppress as evidence certain items of personal property.

During the early evening of September 29, 1969, while patrolling in a State Police car along the Berkshire section of the Thruway, Trooper Currier, as part of a routine vehicle and traffic check, stopped a 1950 Buick sedan with Colorado license plates MR 2523, operated by defendant James Robert Davis and in which defendants Baer and Vincent were passengers. When Davis supplied a New York driver's license but failed to produce a certificate of registration, the trooper radioed the plate number, vehicle identification number, operator's name and date of birth to troop headquarters with a request for a special file check.   In about five minutes, despite a communications problem, information was radioed back that the operator of the vehicle was a possible " file 8 ", a teletype classification for an armed robbery suspect.   Davis was placed under arrest for driving an unregistered vehicle and, when three other State policemen arrived, Currier conducted a search of Davis' person and three Darvon capsules were found in his shirt pocket.

A sergeant then instructed Currier to go to the Canaan toll barrier and contact troop headquarters by telephone for full details on the " file 8 ", due to the previous communications problem.   After transporting Davis to the toll barrier and after making a call and receiving information that Davis could have been the James R. Davis so wanted, there came a time when Currier checked certain papers and was able to determine that

defendant Davis was not the armed robber. While taking Davis to a Magistrate for arraignment on the Vehicle and Traffic Law violation and the drug charge and while accompanied by Davis' two passengers, Trooper Gallelli called Currier to return to the place where the Buick had been stopped. Upon arrival, Gallelli showed three plastic bags and what appeared to be 200 LSD tablets on the front seat of the Buick, which he had discovered in searching the glove compartment. Currier then placed all three under arrest for possession of dangerous drugs and, when they denied having keys for the car, the police pried open the trunk and found two bricks of marijuana and two additional small bags.

Pursuant to subdivisions 1 and 4 of section 401 of the Vehicle and Traffic Law, Currier had the right to stop the automobile driven by Davis, demand the certificate of registration and arrest the operator for a violation thereof pertaining to registration (*People* v. *Hoffman,* 24 A D 2d 497, 498; cf. *People* v. *Battle,* 12 N Y 2d 866; *People* v. *Koposesky,* 25 A D 2d 777). In holding the search of Davis, arrested on a vehicle and traffic misdemeanor, to be unlawful, the County Court relied on *People* v. *Marsh* (20 N Y 2d 98), but it was held therein that the Legislature "never intended to authorize a search of a traffic offender unless, when the vehicle is stopped, there are reasonable grounds for suspecting that the officer is in danger or there is probable cause for believing that the offender is guilty of a crime rather than merely a simple traffic infraction" (p. 101). The search of Davis was not that of a mere traffic offender but rather one which came within the exceptions noted in *Marsh* (cf. *People* v. *McKnight* 26 N Y 2d 1034), since the communication made Davis a possible armed robber and with other attendant circumstances constituted probable cause for believing the operator was guilty of a serious crime rather than a simple traffic infraction.

When judged in accordance with "the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act" (*Hill* v. *California,* 401 U. S. 797, 804–805; *Terry* v. *Ohio,* 392 U. S. 1, 21–24), not only the communication but the need to search such a suspect, the fact that Davis was accompanied by two others, the darkness present, the relatively isolated position of the parties at a point not distant from the State line, the absence of the car registration and the similarity of certain physical characteristics exhibited by Davis and those set forth in the message, demonstrate that the search of Davis was reasonable and valid. In

*Hill* v. *California* (*supra,* p. 804), in affirming a robbery conviction and upholding an arrest and search, it was held: " Here there was probable cause to arrest Hill and the police arrested Miller in Hill's apartment, reasonably believing him to be Hill. In these circumstances the police were entitled to do what the law would have allowed them to do if Miller had in fact been Hill, that is, to search incident to arrest and to seize evidence of the crime the police had probable cause to believe Hill had committed."

The discovery of the narcotic pills on Davis' person and his arrest therefor provided an adequate foundation for a search of the motor vehicle he was operating (*Dyke* v. *Taylor Implement Co.,* 391 U. S. 216, 221; *Carroll* v. *United States,* 267 U. S. 132, 153–154, 155–156, 158–159; *People* v. *Lewis,* 26 N Y 2d 547, 552) and the probable cause factor, described as a " minimum requirement for a reasonable search permitted by the Constitution ", obtained at the time of the vehicle search, as well as when the Darvon was found and the arrest made for said possession (*Chambers* v. *Maroney,* 399 U. S. 42, 47, n. 6, 51, 52; cf. *People* v. *Brosnan,* 31 A D 2d 975). Instead of being an incident of the Vehicle and Traffic Law arrest, the search of the auto was based on independent probable cause.

The order should be reversed, on the law and the facts, and the motion for suppression denied.

HERLIHY, P. J., STALEY, JR., SWEENEY and SIMONS, JJ., concur.

Order reversed, on the law and the facts, and motion for suppression denied.