■  THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN R. MC LAUGHLIN, Appellant. (Action No. 1.) THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM F. PIPER, Appellant. (Action No. 2.)—Appeals from judgments of the County Court of Greene County, rendered June 14, 1974, convicting defendants on their pleas of guilty of criminal possession of a controlled substance in the third degree and assault in the first degree.

After their vehicle was stopped in the early evening of January 3, 1974 on the New York State Thruway for speeding, defendant Piper, the driver, was unable to produce an operator's license. Further inquiry established that the vehicle was rented, but the operator did not know by whom, although he stated he had borrowed it from a friend. When the passenger was interviewed separately, it was discovered that Piper had failed to disclose his true identity or that of the passenger. Investigation then disclosed that Piper's right to operate a motor vehicle in New York State had been suspended. Piper was arrested and a search of his person produced six rounds of handgun ammunition. A search of the interior of the car produced a small prybar or crowbar under the front seat, but no gun. Questioning of Piper as to the source of the ammunition produced no response. No one could furnish a key to the trunk of the car and it was forced open by the police officer. The trunk contained handguns, as well as a quantity of drugs and a box of hypodermic needles. Both defendants were then arrested for possession of drugs and weapons, given their *Miranda* warnings, and hand-cuffed. The only question of substance to be resolved upon this appeal is whether there was a valid warrantless search of the vehicle in question. When the defendant Piper was arrested for a Vehicle and Traffic Law misdemeanor (Vehicle and Traffic Law, § 511) and the ammunition for a handgun was lawfully found with a potential burglar tool, a further search of the entire automobile, which was still within the control of the defendants, was then justified, particularly in view of the unsatisfactory explanation given for the possession of a rented vehicle and the strong possibility of the commission of another crime, i.e., possession of a weapon without a license (Penal Law, § 265.05; *People v Brosnan,* 32 NY2d 254; *People v Baer,* 37 AD2d 150). Furthermore, normal police investigation would have inevitably led to the discovery of the evidence contained in the trunk. Under these circumstances, a search warrant was not required *(People v Fitzpatrick,* 32 NY2d 499). Judgments affirmed. Sweeney, J. P., Kane, Main, Larkin and Reynolds, JJ., concur.