OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
The case comes to us on the following affirmed findings of fact: Detective Fougere observed -defendant enter a novelty shop on 42nd Street and purchase a holster for a .25 caliber *1037 automatic pistol. The detective followed defendant down 42nd Street after defendant left the shop, showed his shield and identified himself as a police officer and asked defendant why he purchased the holster. Defendant’s only response was to put his hand into his coat pocket. Told to remove his hand from his pocket, defendant failed to do so. The detective then grabbed defendant’s hand -by grabbing the coat pocket with defendant’s hand in it and in doing so felt a gun.
Defandant argues that Brown v Texas (443 US 47) requires reversal and the granting of his motion to suppress. We disagree. Brown involved no more articulable reason to detain the person arrested than that his passing another person in an alleyway "looked suspicious” (cf. United States v Mendenhall, 446 US 544 [Justices Stewart and Rehnquist]). Here defendant had been observed buying a holster for a gun. While such a purchase is not criminal, it furnished a sufficient basis for the inquiry made by Detective Fougere (see People v Skinner, 48 NY2d 889, 890). There being no display of force nor anything more than the addressing of a question to defendant, the encounter clearly was not a seizure up to that point.
Defendant’s failure to respond without more would not have permitted further action by the police (cf. People v Howard, 50 NY2d 583). But when to that failure is added defendant’s placing of his hand in his overcoat pocket and refusal to withdraw it, Detective Fougere’s interest in his own safety was sufficient basis for his grabbing the hand through the coat for he had reason to believe that he might be dealing with an armed and, therefore, dangerous individual (cf. Sibron v New York, 392 US 40, 64). Under those circumstances it is reasonable to infer, as did the courts below, that he grabbed defendant’s hand to protect himself, even though he never expressly so testified. Under the Supreme Court’s ruling in Terry v Ohio (392 US 1, 27) he had a right to do so "regardless of whether he has probable cause to arrest the individual for a crime.”
People v Prochilo (41 NY2d 759, 763) is distinguishable for there there was nothing to suggest that the heavy object in defendant Bernard’s pocket was a gun, whereas here the purchase of a holster is directly suggestive of the presence of a gun. Though not sufficient evidence of criminality to permit more than an inquiry, the purchase of the holster together with the potential menacing movement of defendant’s placing *1038 his hand in his coat pocket was sufficient to warrant Fougere’s protective action (see CPL 140.50, subd 3).