OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 A plainclothes detective observed defendant purchase a pistol holster at a 42nd Street novelty shop in Manhattan. When defendant left the shop, the officer approached him, identified himself and displayed his shield. When asked if he had a gun, defendant responded in the negative. The officer then ordered defendant to open his coat. After doing so, defendant offered to open his vest beneath his coat, at which point the officer observed the handle of a .22-caliber pistol in his vest pocket and then seized the weapon.
 

 The purchase of the holster, although not itself a criminal act, provided a sufficient basis for the officer to approach defendant, identify himself and ask defendant a question
 
 (People v Samuels,
 
 50 NY2d 1035, cert den 449 US 984). As this court stated in
 
 Samuels,
 
 however, the purchase of a holster in itself is “not sufficient evidence of criminality to permit more than an inquiry” by police (50 NY2d, at p 1037).
 
 Samuels
 
 involved more than the mere purchase of a holster. The man being questioned made the menacing movement of placing his hand in his pocket and refused to withdraw it. These factors gave the officer reason to fear for his own safety and justified the officer’s protective action in grabbing the man’s hand
 
 (id.;
 
 see, also,
 
 People v Benjamin,
 
 51 NY2d 267).
 

 In the instant case, however, the suppression court expressly found that there was nothing threatening or unusual about defendant’s demeanor other than a level of nervousness that was to be expected in such an encounter. The court also found that defendant made no menacing gestures that could have given the officer reason to fear for his safety. These findings, for which there is support in the
 
 *960
 
 record and which were affirmed by the Appellate Division, are beyond this court’s review. In light of these findings, the officer’s further intrusive step of ordering defendant to open his coat was improper (see
 
 Samuels, supra; Terry v Ohio,
 
 392 US 1,27; CPU 140.50, subd 3). The weapon seized was properly suppressed.
 

 Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
 

 Order affirmed in a memorandum.