OPINION OF THE COURT
Simons, J.
Defendant has been charged with criminal possession of a weapon in the third degree (Penal Law, § 265.02). He appeals from an order of the Appellate Division reversing an order of Supreme Court which suppressed the weapon, a .38 caliber two-shot Derringer pistol, seized by the police after they broke open the locked glove compartment of his rented car. The courts below agreed that the police had probable cause to arrest defendant and to search the interior of the vehicle. The Appellate Division, with two Judges dissenting, disagreed with the suppression court, however, and held that the police also had probable cause to search the car’s glove compartment.
The order should be affirmed. The police, having lawfully arrested defendant and having reason to believe that his car contained a weapon, were not obliged to stop short of searching the secured areas of the car and risk their own safety when the whereabouts of the gun remained unknown. They could, acting within the requirements of both the State and Federal Constitutions, search the car and any locked containers in it (see People v Langen, 60 NY2d 170; United States v Ross, 456 US 798).
Defendant was arrested shortly after 4:00 a.m. on May 20, 1981, when two New York police officers on motor patrol observed him driving toward them in the dark without headlights. When the police turned around to *396 follow him, defendant pulled over to the curb, got out of the car and met the officers on the sidewalk after they parked their patrol car. The police asked him for his driver’s license and, because the license plate indicated the car was rented, for the rental agreement for the car. Without producing the documents defendant asked what he had done wrong and was told that he was driving without headlights. He responded that he had forgotten to put them on. The police again asked defendant for his license and the rental agreement, and he stated that he did not have them. When asked for some form of identification, he mentioned that he had recently been issued a summons for driving without a license but he could not produce that either. The officers then determined to take him to the station house so that he could be identified and served with a summons. Before doing so, they patted him down and during the pat down, Officer Dellacona felt the outline of two bullets in defendant’s rear right pants pocket. He reached into the pocket and removed two .38 caliber bullets and some clear plastic envelopes containing marihuana. At that point Dellacona ordered the two female passengers out of the car, patted them down and then looked through the passenger compartment of the car for the gun. Finding none, he tried the door of the glove compartment but it was locked and could not be opened with a key found in the ignition. Dellacona asked defendant for the key but defendant claimed that the ignition key was the only key to the car. Dellacona then forced the glove compartment door open and found the loaded gun. The officers handcuffed defendant, formally arrested him and took him to the police station.
The police officers, observing a traffic infraction, properly followed and stopped defendant and asked him for his driver’s license and the rental agreement for the car (People v Belton, 55 NY2d 49; People v Middleton, 50 AD2d 1040, affd 43 NY2d 703). Once it became evident that defendant could not be issued a summons on the spot because of his inability to produce any identification, the officers were warranted in arresting him to remove him to the police station and in frisking him before doing so (People v Copeland, 39 NY2d 986; People v Troiano, 35 *397 NY2d 476). Finally, although defendant contends otherwise, discovery of the bullets during the frisk permitted the inference that defendant had a gun on his person or in the area and provided the police with probable cause to search the car.
Defendant asserts that this case is controlled by our decisions holding that discovery of certain lawful items associated with guns, such as holsters or practice targets, is not “ ‘sufficient evidence of criminality to permit more than an inquiry’ ” by police (see People v Johnson, 54 NY2d 958, 959; People v Elwell, 50 NY2d 231, 235, n 9; cf. People v Samuels, 50 NY2d 1035). Bullets, however, are more immediately associated with the presence of a deadly weapon than other incidentally related items such as holsters and practice targets (see People v McLaughlin, 48 AD2d 722). Indeed, bullets have no other practical use than as ammunition for a deadly weapon. Thus, as we held in People v Belton (55 NY2d 49, 54-55, supra): “a valid arrest for a crime authorizes a warrantless search * * * of a vehicle and of a closed container visible in the passenger compartment of the vehicle which the arrested person is driving * * * when the circumstances give reason to believe that the vehicle or its visible contents may be related to the crime for which the arrest is being made * * * or there is reason to believe that a weapon may be discovered” (emphasis added; n omitted).
Nor is there any distinction, as defendant claims, because he was initially arrested so that he could be taken to the police station and given a summons for a traffic violation, whereas the defendant in Belton was arrested for the crime of possession of marihuana. The basis for the automobile exception to the warrant requirement is the reduced expectation of privacy associated with automobiles and the inherent mobility of such vehicles. That supplies the justification for the search and when it appears that the police have probable cause to find contraband of the crime, as in Belton, or to find a weapon in the car, as here, a warrantless search is permissible. Thus, it is irrelevant that defendant was arrested for a traffic infraction. It was the probable cause to believe a gun was in the car that gave the police officers grounds for the search of the car. More *398 over, the reduced expectation of privacy associated with the passenger compartment of an automobile logically extends to containers within the compartment, and we so held in Belton (55 NY2d, at p 54).
In Belton, we reserved decision on “whether a container which is not only closed but locked or a container within a vehicle’s trunk or baggage compartment comes within the exception” (55 NY2d, at p 54, n 3). That question was answered by the Supreme Court in United States v Ross (456 US 798, supra) and by this court in People v Langen (60 NY2d 170, supra; see, also, People v Kreichman, 37 NY2d 693). In Ross the Supreme Court approved the search of a locked trunk and a closed bag found in the trunk, stating that “[i]f probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search” (United States v Ross, at p 825). In Langen, decided after Ross, the police, having probable cause to search the car, searched a locked traveling bag found in it after forcing it open with a screwdriver. We held the search valid under the Fourth Amendment to the United States Constitution and also under the “narrow” automobile exception to the warrant requirement of section 12 of article I of the State Constitution set forth in People v Belton (55 NY2d 49, 54, supra). The reasoning of those decisions applies with equal force to the search of the locked glove compartment in this case.
Accordingly, the order of the Appellate Division should be affirmed.
Chief Judge Cooke and Judges Jasen, Jones, Wacht-ler, Meyer and Kaye concur.
Order affirmed.