■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v PHILLIP SAVONA and STEPHEN SAVONA, Respondents.—Appeal by the People from an order of the County Court, Orange County (Nicolai, J.), dated October 7, 1983, which, after a hearing, granted defendants' motion to suppress physical evidence found in the trunk of a car, on the ground that there was no probable cause for the search of the car.

Order affirmed.

The issue on this appeal is whether State Trooper McGuigan, who stopped defendants' car because it had been traveling for more than one mile in the left passing lane on the New York State Thruway, in violation of Vehicle and Traffic Law § 1128 (c), had probable cause to search the car, after he observed a .32 caliber cartridge on the back seat of the car. Relying on the First Department's decision in *People v Ellis* (93 AD2d 657, *affd* 62 NY2d 393), the People urged, in their memorandum of law submitted to the hearing court, that this question be answered in the affirmative. The hearing court

declined to read *Ellis* as standing for the proposition that discovery of a bullet, absent any other factors, gives rise to probable cause to conduct a search of the entire car, noting that in *Ellis* the bullet was found during a frisk incident to an arrest, and that marihuana, which was also found during that frisk, contributed to the finding of probable cause. The hearing court granted defendants' motion to suppress two guns and cartridges found in the trunk of the car, finding that probable cause was lacking because the facts were insufficient to justify the issuance of a warrant (*United States v Ross,* 456 US 798) and that the presence of a bullet, a fact susceptible of innocent interpretation, was not sufficient to warrant more than an inquiry, when there was no indication of criminal activity (*People v Harrison,* 57 NY2d 470; *People v Johnson,* 54 NY2d 958; *People v Samuels,* 50 NY2d 1035, *cert denied* 449 US 984; *People v Howard,* 50 NY2d 583, *cert denied* 449 US 1023).

On appeal, the People argue that the Court of Appeals affirmance in *Ellis* (*supra*) is dispositive of the issue and mandates reversal of the grant of defendants' suppression motion. We disagree.

At the hearing, Trooper McGuigan testified that after he noticed the cartridge on the back seat, he told defendants to get out of the car. He asked them if they had a gun belonging to the cartridge, and they replied that they did not. McGuigan testified that he was afraid for his welfare, but also stated that defendants had done nothing to alarm him and were cooperative. He testified that he searched the car because he believed that there was a gun inside. He entered the car while defendants were standing outside, felt around under the seats, opened the glove compartment and looked inside. Not having found a gun, McGuigan then asked defendants to open the trunk. Inside, McGuigan found a brown paper bag. He opened the bag, saw two revolvers and some ammunition. Defendants were arrested and subsequently indicted for criminal possession of a weapon in the third degree.

In *Ellis* (*supra*), the defendant's rented car was stopped after police officers on motor patrol observed him driving toward them in the dark without headlights. The police asked him for his driver's license and rental agreement for the car. Defendant said he did not have them. When he was unable to produce identification, the police officers decided to bring him to the police station. Before doing so, they frisked defendant at the scene and found two .38 caliber bullets and some clear plastic envelopes containing marihuana (*People v Ellis,* 62

NY2d 393, 395-396, *supra*). The officers forced open the locked glove compartment and found a loaded gun. The Court of Appeals concluded, *inter alia,* that the officers were warranted in arresting defendant to remove.him to the police station, and in frisking him before doing so, and that "discovery of the bullets during the frisk permitted the inference that defendant had a gun on his person or in the area and provided the police with probable cause to search the car" (*People v Ellis, supra,* at p 397). The Court of Appeals rejected the argument that the presence of bullets is not sufficient evidence of criminality to permit more than an inquiry, noting that "bullets have no other practical use than as ammunition for a deadly weapon" and are "more immediately associated with the presence of a deadly weapon than other incidentally related items" (*People v Ellis, supra,* at p 397).

We agree with the People that the hearing court erroneously focused on the presence of marihuana in *Ellis* (*supra*) as a significant factual distinction between the facts in that case and those at bar. We also agree that the *Ellis* holding undermines the hearing court's characterization of a bullet as an object susceptible of innocent interpretation. Nevertheless, although there are numerous similarities between the facts at bar and those in *Ellis,* we agree with the defendants that the conclusion in *Ellis* that the discovery of a bullet gave the officers probable cause to believe there was a gun in the car so as to justify the search had, as a necessary element, the fact that the defendant had been arrested prior to the discovery of the bullet. In *Ellis,* the search of the car was conducted incident to a lawful arrest. Defendants at bar had not been arrested until their car was searched and the guns were found. Trooper McGuigan testified that there was no basis to arrest the defendants prior to the search and the hearing court found that the officer had no reason to fear for his safety.

In *People v Ellis* (*supra,* at p 397), the Court of Appeals stated: "Thus, as we held in *People v Belton* (55 NY2d 49, 54-55, *supra*): "a valid arrest for a crime authorizes a warrantless search * * * of a vehicle and of a closed container visible in the passenger compartment of the vehicle which the arrested person is driving * * * when the circumstances give reason to believe that the vehicle or its visible contents may be related to the crime for which the arrest is being made * * * *or there is reason to believe that a weapon may be discovered*" ".

Hence, the conclusion in *Ellis* (*supra*) that the discovery of a bullet gave the officers probable cause to believe a gun was in

the car must be viewed within the factual setting of *Ellis* and *People v Belton* (55 NY2d 49, *supra*)—i.e., a prior lawful arrest of the defendant. In *Belton,* the Court of Appeals held that the police may search an automobile contemporaneously with their arrest of the occupant when they have reason to believe that the car may contain evidence related to the crime for which the occupant was arrested or that a weapon may be discovered. In *Ellis,* the Court of Appeals concluded that the discovery of a bullet is sufficient to give the officer reason to believe that a weapon may be discovered in the car. When defendants' car was stopped, in the instant case, McGuigan had no reason to believe that a crime, as distinct from a traffic offense, had been committed (*People v Belton, supra,* at p 54; *People v Marsh,* 20 NY2d 98, 101). Thus, there was no predicate for a search for contraband. Nor is this a case where the officer feared for his safety so as to justify a search for weapons. And, finally, although McGuigan may reasonably have inferred from the presence of the bullet that there was a gun in the car, we agree with the hearing court that since the mere presence of a bullet would be an insufficient basis to arrest the defendants, and would not justify the issuance of a warrant (*United States v Ross,* 456 US 798, *supra*), it did not provide probable cause for the warrantless search of the car. While the presence of a .32 caliber bullet on the rear seat of the vehicle did justify a limited search for a gun which extended to defendants and the areas of the interior of the vehicle to which they had ready access, the search conducted by police in the instant case was far too expansive. Although the officer could plainly see that the defendants were neither armed nor in a position in which weapons were readily accessible to them, the officer nevertheless extended his warrantless search to the trunk area after a thorough search of the interior of the vehicle proved fruitless. It cannot reasonably be contended that so extensive a search was justified under the circumstances.

In conclusion, we decline to apply the holding of the Court of Appeals in *Ellis* (*supra*) to the instant case, where there had been no prior valid arrest of the defendants nor an articulable reason for conducting so extensive a warrantless search. Accordingly, the order granting defendants' suppression motion is affirmed. Lazer, J. P., Bracken, Weinstein and Niehoff, JJ., concur.