■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CRAIG ABRAMS, MICHAEL MORGAN and JULIO FIGUEROA, Appellants.—Appeals by (1) the defendant Craig Abrams from a judgment of the County Court, Westchester County (Colabella, J.), rendered November 7, 1983, convicting him of criminal

possession of a weapon in the third degree (four counts) and criminal possession of stolen property in the second degree, upon his plea of guilty, and imposing sentence, (2) the defendant Michael Morgan from a judgment of the same court, rendered December 12, 1983, convicting him of criminal possession of a weapon in the third degree (four counts) and criminal possession of stolen property in the second degree, upon his plea of guilty, and imposing sentence, and (3) the defendant Julio Figueroa from a judgment of the same court, rendered December 15, 1983, convicting him of criminal possession of a weapon in the third degree (four counts) and criminal possession of stolen property in the second degree, upon his plea of guilty, and imposing sentence. The appeals bring up for review the denial, after a hearing, of those branches of the defendants' omnibus motions which sought the suppression of physical evidence.

Judgments affirmed.

Contrary to the People's assertion, the defendants Morgan and Figueroa had standing to challenge the propriety of the stop of the defendant Abram's car conducted by the police officers which eventually led to the discovery of weapons inside (see, People v Smith, 106 AD2d 525). However, their claims fail on the merits since Officer Ruggiero clearly had reason to suspect that the automobile might have been stolen (see, People v Johnson, 56 AD2d 661). Abram's subsequent failure, upon demand by the officer, to produce a driver's license was presumptive evidence that he was not duly licensed (see, Vehicle and Traffic Law § 507 [2]; People v Griffin, 116 Misc 2d 751, 758). Driving without a license is a traffic infraction which justifies a police officer's immediate arrest of the unlicensed operator (Vehicle and Traffic Law §§ 155, 509; People v Ellis, 62 NY2d 393, 396; People v Copeland, 39 NY2d 986). Since Officer Ruggiero could have lawfully arrested Abrams based upon this presumption that he was illegally operating a motor vehicle, it was certainly proper and reasonable under the circumstances to require him to report to police headquarters, located a few blocks away, in order to ascertain whether in fact he had a validly issued license. We note parenthetically that a computer check later performed at headquarters ultimately resulted in the discovery that Abrams did not have such a license.

The seizure of a sawed-off rifle was made only after Officer Courtien observed the weapon in plain view on the back seat of Abram's car. The other two weapons were found in the car after the defendants had already been lawfully arrested for

possession of the rifle. Under these circumstances, the hearing court correctly ruled that the evidence should not have been suppressed.

We are not persuaded by the defendant Morgan's contention that the testimony of the police officers was so incredible as to warrant a reversal *(see, People v Prochilo,* 41 NY2d 759; *People v Gee,* 104 AD2d 561). Lazer, J. P., Niehoff, Kooper and Spatt, JJ., concur.