■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM RODRIGUEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Calabretta, J.), rendered June 7, 1985, convicting him of criminal possession of a controlled substance in the fourth degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Giaccio, J.), of that

branch of the defendant's omnibus motion which was to suppress physical evidence.

Judgment affirmed.

The hearing court credited the uncontradicted testimony of a police officer who was the sole witness at the suppression hearing that the vehicle operated by the defendant was stopped for speeding. The officer had reasonable grounds to believe that the defendant was driving at an excessive rate of speed for the prevailing conditions in violation of Vehicle and Traffic Law § 1180 (a). It follows that the stop predicated on the traffic infraction was justified (see, e.g., People v Velazquez, 64 NY2d 1118; People v Erwin, 42 NY2d 1064; People v Greene, 104 AD2d 601, appeal dismissed 64 NY2d 850). We therefore decline to disturb the hearing court's finding. Moreover, the arrest of the defendant was warranted based upon his failure to produce a driver's license in response to the officer's request in violation of Vehicle and Traffic Law § 509 (CPL 140.10 [1] [a]). In addition, the defendant was unable to produce identification and could not state who owned the vehicle he was driving. The search conducted of the defendant's person was incident to a lawful arrest. Thus, the motion to suppress was properly denied (see, People v Copeland, 39 NY2d 986). Lazer, J. P., Mangano, Brown and Weinstein, JJ., concur.