■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHELLIE LEROY SPENCER, JR., Appellant.—Casey, J. Appeal from a judgment of the County Court of Montgomery County (Catena, J.), rendered July 3, 1986, upon a verdict convicting defendant of the crimes of criminal possession of a weapon in the third degree (two counts) and criminal possession of a controlled substance in the seventh degree.

On May 17, 1985, defendant was stopped for speeding in a rented car on the Thruway by a State Trooper who had clocked defendant's speed on radar at 67 miles per hour. Upon the officer's request defendant was unable to produce an operator's license (being an unlicensed driver) or the vehicle's registration, and the leasing agreement was not requested. In the circumstances the officer decided to arrest defendant and to take him into custody for arraignment on the charges of speeding and unlicensed operation, rather than issue a summons to appear. Incident to this arrest the officer conducted a pat-down search of defendant's person which produced a blue

plastic spring-loaded tube containing a white powder residue and bearing the word "snuffy". The officer inquired if defendant used this tube for cocaine, to which defendant replied "from time to time".

Defendant was then informed that he was under arrest for possession of cocaine, as well as for the traffic charges, and was read his *Miranda* rights. After the cocaine arrest, the officer conducted a full search of defendant's rented vehicle and, with defendant's aid, searched the trunk, where the officer found a plastic bag containing a .38-caliber pistol. Defendant was then handcuffed and transported to the State Police barracks in the Village of Fonda, Montgomery County.

After his arrest defendant was indicted for two counts of criminal possession of a weapon in the third degree (Penal Law § 265.02 [1], [4]) and criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03). Upon his conviction on all counts, defendant was sentenced as a second felony offender to an indeterminate prison term of 2 to 4 years on each weapons charge and probation for 3 years on the controlled substance charge, all sentences to run concurrently.

On this appeal, defendant contends chiefly that County Court improperly denied his motion to suppress the tube and the gun which were seized. Contrary to defendant's claim, the search that produced the tube was not a "stop and frisk", but rather, was a search incidental to his lawful arrest for the traffic violations *(see,* Vehicle and Traffic Law § 155; *see also,* CPL 140.10). In our view, the arrest was justified since defendant was unable to produce sufficient identifying data upon which the officer could prepare a uniform traffic summons *(People v Copeland,* 39 NY2d 986; *People v Abrams,* 119 AD2d 682, 683) and the search was permissible as incident thereto *(People v Troiano,* 35 NY2d 476).

Defendant's second attack on the admissibility of the evidence concerns the seizure of the gun. In our opinion, this too, was lawfully obtained. Since defendant had been arrested for the knowing and unlawful possession of a controlled substance, a misdemeanor (Penal Law § 220.03), the officer could search the vehicle upon probable cause to believe that the automobile contained evidence related to the crime for which defendant was arrested, or that the car contained a weapon or means of escape *(People v Belton,* 55 NY2d 49, 55). The required nexus was present here since the officer's search of the trunk for drugs followed defendant's cocaine-related arrest *(see, People v Langen,* 60 NY2d 170, 180-182, *cert denied* 465

US 1028). The discovery of the gun in these circumstances was lawful and County Court properly denied defendant's motion to suppress.

Defendant next complains that County Court should have charged the jury pursuant to his request that inferences drawn from circumstantial evidence must exclude every hypothesis but guilt. We believe, as did County Court, that such a charge is necessary only when the People's case rests entirely on circumstantial evidence *(see, People v Barnes,* 50 NY2d 375, 380), which herein it did not. In regard to defendant's claim of error in respect to other portions of the court's charge, we have examined all four of defendant's contentions and find them meritless.

Defendant further claims that he should have been allowed to state what his intention was when he put the gun into the trunk of the car and that County Court erred in precluding such testimony. We find no error in this ruling inasmuch as defendant's intent is not relevant on the crimes of possession of a weapon charged in the indictment and, even if error existed in the ruling, it would at most be harmless *(see, People v Crimmins,* 36 NY2d 230, 241-243).

Defendant's other claims of error are likewise untenable. The chain of custody of the tube and gun was sufficiently established as a foundation for their admission, and County Court correctly denied defendant's motion for a trial order of dismissal as the evidence was legally sufficient to sustain both charges. The judgment of conviction should be affirmed.

Judgment affirmed. Mahoney, P. J., Kane, Casey, Yesawich, Jr., and Levine, JJ., concur.