■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS KRAMER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dufficy, J.), rendered October 14, 1986, convicting him of criminal possession of a controlled substance in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is reversed, on the law and the facts, the plea is vacated, that branch of defendant's omnibus motion which was to suppress physical evidence is granted, the indictment is dismissed, and the matter is remitted to the Supreme Court, Queens County, for entry of an order in its discretion pursuant to CPL 160.50.

After the car owned by the defendant in which he was a passenger was properly stopped for a traffic violation *(People v Ingle,* 36 NY2d 413), the police officer observed two .38 caliber bullets on the rear floor of the car and a box of shotgun shells in the opened glove compartment. Upon observing the ammunition, the police were justified in removing and frisking the occupants and conducting a search of the accessible areas of the car's interior.

The police then placed the defendant under arrest for criminal possession of a weapon. However, when the frisk and limited search failed in locating a weapon, the presence of ammunition alone did not supply the necessary probable cause to arrest the defendant on the weapons charge *(People v Savona,* 112 AD2d 328, 331). Nor could an arrest be justified for the mere possession of shotgun ammunition. Contrary to the People's argument, first made in their appellate brief submitted on the eve of oral argument, possession of shotgun ammunition is not a crime *(see,* Administrative Code of City of New York §§ 10-306, 10-308).

Following the unlawful arrest, the automobile was removed to the police station where another search was made which allegedly revealed cocaine and marihuana. This second war-

rantless search was not justified in the absence of an initially valid arrest, and, therefore, the cocaine and marihuana seized must be suppressed *(see, People v Ellis,* 62 NY2d 393; *People v Belton,* 55 NY2d 49, 54-55, *rearg denied* 56 NY2d 646). Weinstein, J. P., Eiber, Spatt and Sullivan, JJ., concur.