THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS GEDO, Appellant

On November 2, 1984, the defendant and a companion were discovered in a Getty gasoline station in Patchogue, New York, dismantling a stolen 1973 Oldsmobile. The transmission of the Oldsmobile was found in the bed of the defendant's 1967 Dodge truck, while the Oldsmobile engine was in the process of being installed in the defendant's daughter's 1967 Chevrolet.

On appeal the defendant argues that the People failed to prove his guilt beyond a reasonable doubt, and that the court did not properly apply the law regarding circumstantial evidence. We disagree.

In the instant case both direct and circumstantial evidence combined to prove beyond a reasonable doubt that the defendant was guilty of possession of the stolen vehicle, and that he knew that it was stolen. In a case where both direct and circumstantial evidence are employed to demonstrate a defendant's culpability, the standard that the facts perceived as a whole must exclude "to a moral certainty" every conclusion

other than guilt does not apply *(People v Barnes,* 50 NY2d 375, *on remand* 77 AD2d 922). Here there was considerable direct testimony from one eyewitness and two police officers that the defendant knowingly possessed stolen property. The trial court believed their testimony, while adjudging the defendant's testimony to be incredible, and its evaluation should be accorded great weight *(see, People v Samuels,* 68 AD2d 663, *mot for continuation of stay denied* 48 NY2d 635, *affd* 50 NY2d 1035, *cert denied* 449 US 984). Moreover, all of the circumstantial evidence in the case was consistent with guilt and inconsistent with innocence *(see, People v Kennedy,* 47 NY2d 196, *rearg dismissed* 48 NY2d 635, 656).

Viewing the evidence in the light most favorable to the People *(People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]). Mollen, P. J., Mangano, Brown and Kunzeman, JJ., concur.