■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISRAEL PADILLA, Also Known as ISREAL PADILLA, Appellant.—

Police officers, responding to a radio report of an armed robbery, observed the defendant and another man, who met the general description of the perpetrators, running on a street near the location of the crime. The officers were justified in approaching with their hands on their revolvers, and in

asking the two men to stop for questioning. *(See, People v Livigni,* 58 NY2d 894, *affg* 88 AD2d 386 [2d Dept 1982]; *see also, People v Allen,* 73 NY2d 378 [1989].) The suppression court credited the testimony of one of the officers that a box of bullets was visible in defendant's coat pocket, notwithstanding the officer's failure to include this information in notes or report. *(See, People v Wright,* 71 AD2d 585, 586 [1st Dept 1979], citing *People v Cohen,* 223 NY 406 [1918].) Thus, the hearing court correctly concluded that a subsequent frisk of the defendant, resulting in the seizure of a loaded .357 magnum revolver, a loaded .38 caliber revolver, 50 glassine envelopes of heroin, marihuana, jewelry and $430 was proper. *(See, People v Smith,* 143 AD2d 109, 110 [2d Dept 1988], *lv denied* 73 NY2d 790 [1988]; *People v Kramer,* 132 AD2d 572 [2d Dept 1987].)

Statements made by defendant following his arrest and after being given *Miranda* warnings were also admissible. Concur—Sullivan, J. P., Ross, Milonas, Smith and Rubin, JJ.