■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ERASMO MEZON, Respondent.—Appeal by the People from an order of the County Court, Westchester County (Silverman, J.), dated June 4, 1991, which, after a hearing, granted the defendant's oral application to suppress physical evidence. The notice of appeal from the decision dated January 5, 1990, is treated as a premature notice of appeal from the order.

Ordered that the order is reversed, on the law, the defendant's application to suppress physical evidence is denied, and the matter is remitted to the County Court, Westchester County, for further proceedings consistent herewith.

We do not agree with the defendant's contention that the People are not entitled to pursue the instant appeal. Since the

People have filed the requisite statement under CPL 450.50, the People may appeal the court's suppression ruling as a matter of right (see, CPL 450.20 [8]; see also, People v Kates, 53 NY2d 591, 596-597).

As the defendant concedes in his brief, the court erred in entertaining defense counsel's oral application, made at the time of arraignment, to suppress the physical evidence recovered during a search of the defendant. The first sentence of CPL 710.60 (1) is quite explicit: "A motion to suppress evidence made before trial must be in writing and upon reasonable notice to the people and with opportunity to be heard." Accordingly, the court's ruling is reversible upon this procedural ground.

In any event, the court's ruling was also erroneous on the merits. The evidence adduced at the hearing shows that the arrest and subsequent search of the defendant were lawful and proper (see, People v Ellis, 62 NY2d 393; People v Copeland, 39 NY2d 986; People v Spencer, 130 AD2d 882; People v Rodriguez, 122 AD2d 895). Thompson, J. P., Eiber, Balletta and Ritter, JJ., concur. [See, 146 Misc 2d 196.]