■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE COULL, Appellant.—Judgment of the Supreme Court, New York County (Bernard Fried, J., at trial and suppression motion), entered November 7, 1990, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree, and sentencing him to an indeterminate term of 3 to 6 years in prison is unanimously reversed, on the law, the motion to suppress granted, the judgment vacated, and the indictment dismissed. The matter is remitted to the trial court for the purpose of entering an order in favor of the accused pursuant to CPL 160.50, not less than 30 days after service of this order upon the respondent, with leave during this 30 day period to respondent to move and seek any further stay of the implementation of CPL 160.50 as in the interest of justice is required.

We conclude that the motion to suppress should have been granted. Only one witness, Police Officer Michael Quinn, testified at the hearing on the motion. The following facts are based on his testimony. On March 24, 1989, around 8:35 P.M., Officer Quinn was in uniform on foot patrol on 42nd Street in Manhattan between 7th and 8th Avenues. As he passed a store, the police officer observed the defendant inside examining gun holsters. He called for backup assistance. Two other officers arrived before defendant left the store. Defendant did not purchase a holster and left the store after several minutes. Officer Quinn noticed a bulge in the upper right breast pocket of defendant's overcoat. The bulge "was not characteristic of a billfold alone," did not make only a "flat impression" but "protruded outward." As he left, Officer Quinn asked the defendant "to turn around and place his hands on the wall." Defendant protested that he had done nothing wrong, said he had identification and reached into the pocket with the bulge. Defendant was again ordered to turn around and face the wall. "He insisted in [sic] going into that pocket. He was physically placed against the wall and Officer Neville reached into the pocket in question and removed a .38 caliber revolver." Subsequently, defendant was searched. A billfold with twenty credit cards in defendant's name was removed from the same pocket where the gun was found.

We find that the action of the police in placing the defendant against a wall and searching him without any inquiry and without even a frisk violated his right to be free from an illegal search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States and under article I, § 12 of the New York State Constitution. Even assuming that the police had sufficient reason to approach and question the defendant, their actions exceeded the bounds of proper police conduct. *(People v Sanchez,* 38 NY2d 72 [1975]; *People v Green,* 35 NY2d 193 [1974]; *People v Johnson,* 54 NY2d 958 [1981]; *People v Samuels,* 50 NY2d 1035 [1980], *cert denied* 449 US 984 [1980].) Concur—Carro, J. P., Wallach, Kupferman and Smith, JJ.