■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN WATSON, Appellant.—Appeal by the defendant from a judgment of the County Court, Rockland County (Nelson, J.), rendered February 28, 1989, convicting him of criminal possession of a controlled substance in the third degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

On appeal, the defendant contends that the initial stop by the police officer was improper because a traffic violation was merely used as a pretext to investigate unrelated activities. The hearing court credited the uncontradicted testimony of the police officer that the vehicle was stopped for driving at an excessive rate of speed for the prevailing conditions in violation of Vehicle and Traffic Law § 1180 (a) (see, *People v Rodriguez,* 122 AD2d 895). We find no basis in this record to disturb the determination that the vehicle was lawfully stopped (see, *People v Prochilo,* 41 NY2d 759; *People v Francois,* 155 AD2d 685). Additionally, the defendant's failure, upon demand by the officer, to produce a driver's license was presumptive evidence that he was not duly licensed (see, Vehicle and Traffic Law § 507 [2]; *People v Abrams,* 119 AD2d 682). Driving without a license is a traffic infraction which justifies a police officer's immediate arrest of the unlicensed operator (see, Vehicle and Traffic Law § 509). The defendant was the only occupant of the vehicle at the time of the arrest and his car was impounded and the contents inventoried based upon established Police Department procedures. Thus, the evidence recovered from the defendant's vehicle was properly deemed admissible at the trial (see, *South Dakota v Opperman,* 428 US 364; see, *People v Brooks,* 161 AD2d 655).

The defendant argues that the County Court impermissibly allowed the admission of evidence of uncharged crimes by allowing a People's witness to testify that he saw the defendant cooking cocaine and placing it in a brown bag on the

night he was arrested. We find that this evidence was properly admitted pursuant to the principles enunciated in *People v Molineux* (168 NY 264; *see also, People v Ventimiglia,* 52 NY2d 350). The theory of the defense was that the drugs in the brown leather pouch on the backseat of the defendant's vehicle may have belonged to one of the passengers seen exiting the car. It was therefore necessary for the prosecution to prove the defendant's knowledge that the brown leather pouch contained cocaine and his dominion and control over it. The testimony that the defendant was seen cooking cocaine and placing it into the same brown leather pouch tended to show that the drugs were not innocently possessed *(see, People v Alvino,* 71 NY2d 233; *People v Mosiurchak,* 157 AD2d 1023).

Additionally, we find that the court correctly held that the defendant forfeited his right to be present at the later stages of the trial by absconding. "[I]f a defendant deliberately leaves the courtroom after his trial has begun, he forfeits his right to be present at trial regardless of whether he knows that the trial will continue in his absence" *(People v Sanchez,* 65 NY2d 436, 443-444).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

Further, the sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80).

We have examined the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Rosenblatt, J. P., Miller, Ritter and Copertino, JJ., concur.