◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

ENRIQUE SANCHEZ, Appellant. [596 NYS2d 437] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (G. Goldstein, J.), rendered August 5, 1991, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Upon observing an unidentified occupant of a car that was parked in a desolate, industrial area throw a beer can out of the car window in violation of Vehicle and Traffic Law § 1220 (a), New York City Sanitation Department peace officers approached the car and noticed that the occupants were intoxicated. The officers were therefore justified in asking the occupants of the car in which the defendant was a passenger for identification (see, People v Martinez, 80 NY2d 444; People v De Bour, 40 NY2d 210, 213; People v Holmes, 181 AD2d 27). After noticing two machetes, in plain view, on the front floor of the car, the officers were justified in removing and frisking the occupants and conducting a search of the accessible areas of the car's interior (see, Michigan v Long, 463 US 1032, 1050; Pennsylvania v Mimms, 434 US 106; People v Walker, 151 AD2d 794; People v Kramer, 132 AD2d 572). Thus, the hearing court properly denied the suppression of the gun, which was also found in the vehicle.

Furthermore, the trial court's charge on the statutory presumption of possession of a weapon (see, Penal Law § 265.15 [3]) was proper. The trial court correctly instructed the jury on the permissive nature of the presumption and emphasized that the burden of proof remained with the prosecution (see, People v McKenzie, 67 NY2d 695, 697; People v Hines, 173 AD2d 730; People v Williams, 136 AD2d 132).

We find that the defendant's sentence was neither harsh nor excessive (see, People v Delgado, 80 NY2d 780; People v Suitte, 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Thompson, J. P., Balletta, Miller and Pizzuto, JJ., concur.