■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES CALIZAIRE, Appellant. [617 NYS2d 10] —Judgment of the Supreme Court, New York County (Mary Davis, J.), rendered September 29, 1992, which convicted defendant, upon his guilty plea, of criminal possession of a weapon in the third degree, and sentenced him to five years' probation, unanimously reversed, on the law, the motion to suppress evidence granted, and the indictment dismissed. The matter is remitted to the trial court for the purpose of entering an order in favor of the accused pursuant to CPL 160.50, not less than 30 days after service of this order upon the respondent, with leave during this 30 day period to respondent to move and seek any further stay of the implementation of CPL 160.50 as in the interest of justice is required.

Defendant was observed by two police officers trying on gun holsters at a martial arts supply store. They watched defendant leave the store carrying a bag, walk to his car (which was illegally parked in a bus lane) and place the bag in the trunk. According to the testimony of the arresting officers, which was in all respects credited by the court, defendant, upon being asked what he had purchased, disclosed the contents of the bag, stated that he was not employed as a police

or correction officer and offered to show them the holster. One of the officers testified that he observed "something that didn't look like it belonged in the left side of his waistband" while defendant was in the process of removing the bag from the trunk of his car. The officer immediately lifted defendant's T-shirt, revealing the handle of a gun. A loaded, .25 caliber semi-automatic pistol was recovered from defendant, who was placed under arrest. Defendant subsequently made certain statements with respect to his possession of the weapon that were ultimately suppressed.

Defendant was charged with two counts of criminal possession of a weapon in the third degree. Following a combined *Mapp/Huntley* hearing on defendant's motion to suppress the gun and his post-arrest statements, Supreme Court ruled that the officers had two valid bases to make an inquiry: the purchase of the holster *(People v Samuels,* 50 NY2d 1035, *cert denied* 449 US 984) and the illegally parked vehicle. The court further found that the defendant's responses to inquiry concerning whether he was a law enforcement official, when taken together with the observation of some unspecified object in the left side of defendant's waistband, provided the officers with reasonable suspicion that criminal activity was afoot. Therefore, defendant's motion to suppress the gun was denied.

Following *People v Samuels (supra)* and its progeny, the purchase of a gun holster provided a valid basis for the police to approach defendant, identify themselves, and make inquiry. The facts as found by Supreme Court, however, do not afford grounds for reasonable suspicion that defendant had committed or was about to commit a crime *(see, People v De Bour,* 40 NY2d 210, 223). Defendant's statement that he is not involved in law enforcement and the officers' observation of an unidentified object in defendant's waistband, even viewed together with his possession of a holster, do not constitute reasonable suspicion of criminal activity. Although the police, upon detaining defendant, were entitled to conduct a limited, protective pat down or frisk based upon a reasonable fear for their physical safety *(see, People v Ventura,* 139 AD2d 196, 206), the record contains no such expression of concern by either officer. Unlike *People v Samuels,* this case involves no behavior by a suspect which could be considered remotely menacing *(supra,* at 1037 [concern for physical safety inferred from the defendant's refusal to remove his hand from his pocket]). To the contrary, the testimony of the arresting officers establishes that defendant was most cooperative, volunteering to show them the object that aroused their suspicion.

Absent in this case is " 'proof of a describable object or of describable conduct that provides a reasonable basis for the police officer's belief that the defendant had a gun in his possession' " *(People v Ventura, supra,* at 208; *see also, People v Prochilo,* 41 NY2d 759, 761), without which the search of his person cannot be justified. As this Court observed in *People v Barreto* (161 AD2d 305, 307, *lv denied* 76 NY2d 852), "Even if [the officer] had testified that he saw a bulge in defendant's waistband, such observation alone would not have satisfied the People's burden of proving a reasonable suspicion that defendant was committing a crime" *(compare, People v Benjamin,* 51 NY2d 267 [radio transmission advising of men with guns at specific location]; *People v Prochilo, supra* [complete outline of gun discernable]).

Finally, the search conducted in this case exceeds the permissible interference of a protective search. "The narrow scope of the intrusion authorized during a protective pat-down may not exceed what is necessary to ascertaining the presence of weapons" *(People v Diaz,* 81 NY2d 106, 109). Therefore, even if the police interference with defendant could be justified as a *Terry (Terry v Ohio,* 392 US 1) stop, the ensuing search was nevertheless improper. Concur—Rosenberger, J. P., Ellerin, Ross, Rubin and Williams, JJ.