■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL SHAMBO, Appellant. [617 NYS2d 953] —Mikoll, J. Appeal from a judgment of the County Court of Chenango County (Dowd, J.), rendered October 12, 1993, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fifth degree.

Defendant, a resident of Jefferson County, was involved in a three-vehicle auto accident while operating his 1984 Mitsubishi pickup truck on a public street in Chenango County shortly after 3:00 P.M. on October 9, 1992. Defendant produced a California driver's license to investigating police officers and, upon a check of his New York motor vehicle record, it was

revealed that both his driver's license and registration were suspended, the former for failing to answer a traffic summons in Broome County and the latter for lack of insurance. After a radio check with their desk sergeant, the officers determined to place defendant under arrest for two vehicle and traffic misdemeanors and a traffic infraction and to transport him to their police station for processing, including arraignment and the setting of bail. Defendant refused the officers' requests to empty his pockets and instead stood with his hands in his pockets. After a repeated request, one of the officers removed defendant's hands from his pockets and, on reaching into one of them, found a bag containing a white powder (cocaine). A search of two additional pockets yielded two more bags of cocaine, a broken glass test tube and steel wool. Defendant was then handcuffed and placed into the police car.

Defendant was subsequently indicted on four charges related to possession of cocaine. Following denial of his motion to suppress the cocaine seized upon his arrest, defendant, after a hearing, entered a plea of guilty to one count of criminal possession of a controlled substance in the fifth degree; he was subsequently sentenced to a term of 2 to 6 years' imprisonment. This appeal followed.

Defendant's contention that the search was unauthorized and illegal because it was incident to his arrest for misdemeanor violations under the Vehicle and Traffic Law is without merit (see, People v Troiano, 35 NY2d 476, 477-478; People v Spencer, 130 AD2d 882, lv denied 70 NY2d 878). In light of the misdemeanor violations, defendant's production of a California driver's license, the suspension of his New York driver's license for failure to appear in court in response to a traffic summons, and his operation of an uninsured motor vehicle with a suspended registration, the officers were entitled to take defendant into custody and transport him to the police station for the purpose of setting bail. For their own protection, they were then entitled to search defendant prior to placing him in the police car. In conducting the protective search, the officers were entitled to request him to remove his hands from his pockets and his determined refusal to do so required the officer to remove defendant's hands and reach into his pocket to see if it contained any weapon to effect an escape. The search was therefore lawful and proper. The finding of the cocaine in his pocket furnished probable cause for his arrest for criminal possession of a controlled substance and warranted the search of his other pockets and of his vehicle. There is no evidence that the arrest was based on any

suspect pretext. We thus conclude that the arrest of defendant for the two misdemeanor violations and the decision to take him into custody and transport him to the police station was proper *(see, People v Troiano, supra; People v Spencer, supra).*

Cardona, P. J., Mercure, White and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.