The People of the State of New York, Respondent, 
against
Fatima Chipo, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Steven J. Hornstein, J.), rendered December 1, 2017, after a jury trial, convicting her of resisting arrest, and imposing sentence.




Per Curiam.
Judgment of conviction (Steven J. Hornstein, J.), rendered December 1, 2017, affirmed.
The accusatory instrument was not jurisdictionally defective. It charged all the elements of resisting arrest (see Penal Law § 205.30). The authorized arrest element of the offense (see People v Sumter, 151 AD3d 556, 557 [2017]) was sufficiently charged by way of allegations establishing probable cause to arrest defendant for refusing to provide her license and registration to a police officer after her vehicle was observed making an improper left turn (see People v Ellis, 62 NY2d 393, 396 [1984]; People v Copeland, 39 NY2d 986 [1976]). 
The verdict was supported by legally sufficient evidence and was not against the weight of the evidence. (see People v Danielson, 9 NY3d 342 [2007]). There is no basis for disturbing the jury's determination concerning credibility. The evidence demonstrated that after defendant's vehicle was stopped by police for making a left turn from the middle lane of a "high collision prone" location, defendant refused to comply with multiple requests to produce her license, registration and proof of insurance, and that her noncompliance continued after she was warned that she would be arrested if she refused to provide the requested documents. This conduct provided probable cause to arrest (see People v Ellis, 62 NY2d at 396 ["Once it became evident that defendant could not be issued a summons on the spot because of his inability to produce any identification, the officers were warranted in arresting him to remove him to the police station and in frisking him before doing so"]; People v Cooper, 38 AD3d 678, 679-680 [2007]; People v Bohn, 91 Misc 2d 132 [App Term, 2nd Dept, 9th & 10th Jud Dists 1977]). The jury could also find that, once defendant was removed from the car, her flailing and physical struggle with the officers were deliberate acts to resist the arrest (see People v Badia, 46 AD3d 312 [2007], lv denied 10 NY3d 761 [2008]; Matter of Davaun M., 44 AD3d 420 [2007]).
Defendant's present challenge to the legality of the stop of her vehicle is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we find that the officer's observation of a traffic infraction justified the stop (see People v Leiva, 33 AD3d 1021, [*2]1022 [2006]; see also People v Jarrett, 157 AD3d 534 [2018], lv denied 31 NY3d 1014 [2018]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: June 24, 2019