■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD McNEIL, Appellant.—Appeal from a judgment, Supreme Court, New York County, rendered May 30, 1975, convicting defendant of possession of a weapon as a felony, unanimously held in abeyance and the matter remanded for a hearing on defendant's motion to suppress (CPL 710.60, subd 4). On this appeal, defendant claims that the police lacked probable cause for the arrest and subsequent search and that the court erred in summarily denying his pretrial motion to suppress without a hearing on the prosecutor's representation that the police officers responded to complainant's cry that he had just been the victim of a crime and that the defendant still had a gun. The prosecutor's response was patently conclusory in nature and no basis being presented for summary denial of the motion to suppress under CPL 710.60 (subd 3), a hearing should have been ordered. The trial record does not cure this error since the issue was not adequately explored at trial. The only relevant reference to probable cause in the trial transcript is the following brief ambiguous statement by Officer Potts in response to inquiry by defense counsel: "I heard the story, I am not sure whether it was him [complainant] that told me. That was the object, that he was being held in the cab at gunpoint." Consequently, this court is without an adequate record upon which it can make its own findings of fact and conclusions of law on the issue of probable cause. Concur—Murphy, J. P., Lupiano, Silverman, Capozzoli and Nunez, JJ.