■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STANLEY JENKINS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered October 21, 1977, convicting him of attempted criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. Judgment reversed, on the law, plea vacated and matter remanded to Criminal Term for further proceedings consistent herewith. Defendant was indicted for criminal trespass in the first degree, criminal possession of a weapon in the third degree and criminal possession of a controlled substance in the seventh degree. He moved, *inter alia,* for a pretrial suppression hearing to test the admissibility of the physical evidence (a weapon and marihuana) seized from him at the time of his arrest. The supporting affidavit alleged, *inter alia,* that defendant was merely standing in the lobby of a multiple dwelling, that his conduct was equivocal in nature, and that there was no legal basis to have stopped and arrested him. When the motion came on for argument, defense counsel argued that the arrest for criminal trespass was a subterfuge. Although the People consented to a hearing, the court summarily denied

the motion based upon a reading of the Grand Jury minutes. The court held that the weapon and the marihuana had been seized from the defendant in the course of a search incidental to his lawful arrest for criminal trespass. It was improper to have summarily denied the motion. The allegations contained in the defendant's moving .papers, coupled with counsel's oral arguments and the District Attorney's consent to a hearing, were sufficient to raise a question as to the propriety of the initial arrest for criminal trespass. Therefore, pursuant to CPL 710.60 (subd 4), a hearing must be conducted on defendant's motion (cf. *People v Carrion,* 68 AD2d 827; *People v Buckman,* 70 Misc 2d 220). Hopkins, J. P., Damiani, O'Connor and Rabin, JJ., concur.