■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID RIVERA, Appellant. — Judgment, Supreme Court, New York County (Ernst Rosenberger, J.), rendered on April 11, 1983, unanimously affirmed. The case is remitted to the Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (subd 5). No opinion. Concur — Asch, J. P., Bloom, Fein and Alexander, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL SCALLY, Appellant. — Judgment, Supreme Court, New York County (Ernst Rosenberger, J.), rendered on April 11, 1983, unanimously affirmed. The case is remitted to the Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (subd 5). No opinion. Concur — Asch, J. P., Bloom, Fein and Alexander, JJ.

■ THOMAS MATHIS, an Infant, by His Mother and Natural Guardian, ODESSA MATHIS, et al., Appellants, v CAROL FREIBRUN, Formerly CAROL SUSSBERG, et al., Respondents, et al., Defendants. — Judgment, Supreme Court, New York County (Harold Tompkins, J.), entered on June 17, 1983, unanimously affirmed, without costs and without disbursements. The appeal from the order of said court, entered on May 31, 1983 is dismissed as having been subsumed in the appeal from the judgment, without costs and without disbursements. No opinion. Concur — Sandler, J. P., Sullivan, Ross and Kassal, JJ.

■ In the Matter of CATHOLIC HOME BUREAU, for the Guardianship of MARIA HELENA M. and Others, Infants, Respondent. MARIA M. et al., Appellants. — Five orders, Family Court of the State of New York, New York County (Jack Turret, J.), entered on April 26, 1982, unanimously affirmed, without costs and without disbursements. ¶ Application by appellants' counsel to withdraw as counsel is granted. (See Anders v California, 386 US 738; People v Saunders, 52 AD2d 833.) We have reviewed this record and agree with appellants' assigned counsel that there are no nonfrivolous points which could be raised on this appeal. Concur — Sandler, J. P., Sullivan, Ross and Kassal, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCIA ST. CLAIRE, Appellant. — Judgment, Supreme Court, New York County (Harold J. Rothwax, J.), rendered November 1, 1982, convicting defendant of criminal possession of stolen property in the first degree and sentencing her to an indeterminate term of imprisonment of from 2⅓ to 7 years' incarceration, affirmed, without prejudice to a motion by the defendant pursuant to CPL 440.20 (subd 1) to set aside the sentence as illegally imposed. ¶ Notwithstanding the District Attorney's concession that the record discloses a violation of the provision of CPL 380.50 which affords a defendant a right to make a personal statement prior to sentencing, a concession which we have considered carefully, we are not persuaded from our examination of the record that any such violation took place. By far the more probable interpretation of the events disclosed by the record is that the defendant indicated by an affirmative nod a wish to speak, but thereafter did not in fact speak. ¶ It seems to us highly unlikely that the experienced sentencing Judge carefully noted in the record that defendant had manifested a wish to speak and then proceeded to ignore that request, and that this occurred without any comment or objection either by the defendant or her forceful and articulate counsel. ¶ If such a violation in fact occurred, the issue is more properly raised under the circumstances presented by a motion pursuant to CPL 440.20 (subd 1) to set aside the sentence as having been illegally imposed, a motion that would permit a definitive resolution of any factual question that may be thought to be presented. (See Bellacosa, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 440.20, p 411.) Concur — Kupferman, J. P., Sandler, Carro, Milonas and Alexander, JJ.