■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL BANKS, Also Known as MICHAEL REDHOOK, Appellant. — Appeal from a judgment, Supreme Court, New York County (Patrick McGinley, J.), rendered October 14, 1981, convicting defendant on a plea of guilty to robbery in the third degree and sentencing him as a predicate felon to a term of 2 to 4 years, is held in abeyance and the matter remanded for a hearing on defendant's motion to suppress physical evidence and identification testimony (CPL 710.60, subd 4). ¶ As the People concede on the appeal, defendant was entitled to a *Wade* and *Mapp* hearing on the issue of suppression of the identification testimony and the physical evidence and, accordingly, the matter should be remanded, with the appeal held in abeyance pending the remand (see *People v McNeil,* 55 AD2d 573). Since the prosecution did not concede the truth of the factual allegations made by defendant in support of his omnibus motion to suppress (CPL 710.60, subd 2, par [a]), the statute required the court to hold a hearing and make findings of fact (CPL 710.60, subd 4). The prosecution's version of the facts was in sharp disagreement with that alleged by defendant, a further basis for a hearing. We find the record insufficient to make our own findings of fact and conclusions of law. Concur — Sandler, Sullivan, Asch and Kassal, JJ.

Kupferman, J. P., dissents in a memorandum as follows: I would affirm. There is no need for a *Wade* and *Mapp* hearing. A concession by the prosecution does not in and of itself lead to the conclusion that a hearing is necessary. It is our own examination of the record which determines the result. (See *People v St. Claire,* 99 AD2d 982.) ¶ This defendant, on the steps of the Lexington IRT subway at 42nd Street and Lexington Avenue, yanked a chain

from the neck of the complainant. During defendant's flight, he lost a sneaker, which the complainant retrieved. Two police officers observed the defendant wearing one sneaker being pursued by civilians, and joined the chase, captured the defendant and took him to the 17th Precinct. Shortly thereafter, the complainant came to the precinct carrying the sneaker and identified the chain. The defendant contended, as he was being fingerprinted, that a friend had committed the crime and handed the chain to him, and that he then ran. ¶ The defendant moved to suppress physical evidence, identification testimony and the statements made. An experienced Judge held a *Huntley* hearing with respect to the statements and found no reason for a *Wade* and *Mapp* hearing, and neither do I. To require a hearing in this situation is just one more procedural device to overburden the criminal justice system.