■ In the Matter of OBULIO M., a Person Alleged to be a Juvenile Delinquent, Appellant. — Appeal from an order, Family Court, New York County (Turret, J.), entered on November 21, 1983, adjudicating appellant a juvenile delinquent after a finding that he had committed an act which, if committed by an adult, would have constituted the crime of criminal possession of a controlled substance in the seventh degree and placing him on probation for one year, held in abeyance and the matter remanded to Family Court for the taking of further testimony on appellant's motion to suppress physical evidence and for findings of fact and conclusions of law on the court's determination thereof.

Appellant proceeded to a fact-finding hearing on a charge of knowingly and unlawfully possessing 22 plastic bags containing LSD with intent to sell the same, an act which, if committed by an adult, would constitute the crime of criminal possession of a controlled substance in the third degree. Four of the plastic bags had been removed from appellant's pocket after an officer had observed him standing on the corner of East 115th Street and

Lexington Avenue with another youth, holding a Ziploc plastic bag with a red stripe running along its top. Eighteen other plastic bags were recovered from appellant at the station house. Notwithstanding appellant's failure to move to suppress the physical evidence in advance of the hearing, the court permitted appellant to conduct a *voir dire* during the hearing on his belated suppression application, at the conclusion of which, without making any findings of fact or stating any conclusions of law, it simply denied the motion. While ordinarily we could make the necessary findings based on our own review (*Terry & Gibson v Bank of New York & Trust Co.*, 242 App Div 699), the record here is so factually sparse on the matters that are essential to a probable cause determination as to be of little or no help. The state of the record is not, however, the fault of the Assistant Corporation Counsel. On several occasions the court refused to permit her to elicit from the arresting officer his knowledge as to the manner in which LSD is packaged for street sale, as well as his training, knowledge and expertise in the detection of narcotics, especially LSD. This evidence was extremely relevant on the issue of probable cause. (See *People v McRay,* 51 NY2d 594.) Although the evidence was offered to demonstrate appellant's knowledge of the packages' contents and his intent to sell, at a time when probable cause was not an issue, the Corporation Counsel was, realistically, barred from reoffering it, given the court's strongly expressed view that it was not interested in such evidence. Thus, through no fault of her own, the Corporation Counsel was precluded from presenting all of her evidence on probable cause.

Accordingly, we remand for a reopened hearing on the suppression issue and a determination thereof based on stated findings of fact and conclusions of law. Concur — Sullivan, J. P., Ross, Bloom, Fein and Kassal, JJ.