◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLAN A. SMITH, Appellant. — Judgment of the County Court, Westchester County (Colabella, J.), rendered March 25, 1983, affirmed (see *People v Esajerre,* 35 NY2d 463). Weinstein, J. P., Brown, Rubin and Eiber, JJ., concur.

◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM SMITH, Appellant. — Appeal by defendant from a judgment of the County Court, Suffolk County (Kitson, J.), rendered September 8, 1982, convicting him of two counts of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

We affirm the defendant's conviction for the reasons stated in *People v Evans* (106 AD2d 527). However, we note that the County Court improperly concluded that the defendant herein, a passenger in the vehicle in which the loaded firearms were discovered, did not have standing to seek suppression of that physical evidence. In *Rakas v Illinois* (439 US 128, reh den 439 US 1122) the United States Supreme Court dealt with the situation where the police stopped a vehicle which they believed to be a robbery getaway car, ordered the occupants out of the car and then searched it and found a weapon under the seat and shells in the glove compartment. The Supreme Court held that the passengers of the vehicle, who claimed no ownership interest in the seized objects, lacked standing to move to suppress the seized objects because "they made no showing that they had any legitimate expectation of privacy in the glove compartment or area under the seat of the. car in which they were merely passengers" (*Rakas v Illinois, supra,* p 148). The concurring opinion in *Rakas* emphasized, however, that the "petitioners do not challenge the constitutionality of the police action in stopping the automobile in which they were riding; nor do they complain of being made to get out of the vehicle * * * [thus the] question before the Court * * * [was] a narrow one: Did the search of their friend's automobile after they left it violate any Fourth Amendment right to the petitioners?" (*Rakas v Illinois, supra,* pp 150-151). In their recently published treatise on criminal procedure, Professors LaFave and Israel interpret this language as indicating: "that a passenger *does* have standing to object to police conduct which intrudes upon his Fourth Amendment protection against unreasonable seizure of his person. If

either the stopping of the car or the passenger's removal from it are unreasonable in a Fourth Amendment sense, then surely the passenger has standing to object to those constitutional violations and to have suppressed any evidence found in the car which is their fruit" (1 LaFave & Israel, Criminal Procedure § 9.1, p 726).

In the case at bar, since the defendant Smith is challenging the validity of the stop of the vehicle in which he was a passenger, he clearly has standing to seek suppression of the physical evidence seized as a result of the allegedly unlawful stop.

We have reviewed the defendant's other contentions and find them to be without merit. Thompson, J. P., O'Connor, Niehoff and Boyers, JJ., concur.