(May 9, 1985)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
DAVID MARTINEZ, Appellant. — Judgments, Supreme Court,
Bronx County (Daniel J. Sullivan, J.), rendered January 28,
1983, convicting defendant on pleas of guilty to criminal sale of
a controlled substance in the third degree (two counts under
indictments Nos. 3831/82 and 4256/82 [Penal Law § 220.39]) and
sentencing him to concurrent terms of 4½ to 9 years, unani-
mously affirmed. (Appeal No. 23131.) The appeal from the
judgments, Supreme Court, Bronx County (Joseph Cohen, J., on
suppression; Daniel J. Sullivan, J., at plea and sentence), ren-
dered January 28, 1983, convicting defendant, on pleas of guilty,
to criminal possession of a weapon in the third degree (two
counts under indictments Nos. 489/82 and 544/82 [Penal Law
§ 265.02]) and sentencing him to concurrent terms of 3½ to 7
years, to run concurrently with the sentences imposed on the
convictions for criminal sale of a controlled substance in the
third degree, is held in abeyance and the matter remanded for a
hearing on defendant's motion to suppress physical evidence
(CPL 710.60 [4]). (Appeal No. 23131A.)

On review of the record, we agree that the suppression court
erred in summarily denying defendant's motion to suppress
physical evidence without holding an evidentiary hearing as
required by CPL 710.60 (4). In moving to suppress, defendant,
through counsel, alleged that on December 30, 1981, he was
behind the wheel of a van which was double parked, with the
motor running, at or near the corner of 167th Street and Bryant
Avenue, in The Bronx. It is asserted that although defendant
and the codefendant, who was with him in the van were not
engaged in any suspicious or illegal activity, the police blocked
the path of the van and two officers, with guns drawn, ap-
proached, ordered defendant out of the van and proclaimed, "If
he moves blow his head off." It appears that as defendant exited
the van, he advised the officers, "I have a gun in my waistband",
at which point, a gun fell from the codefendant's lap and into
plain view. A search of defendant resulted in the recovery of a
loaded .32 caliber revolver from his waistband and an inspection
of the van led to the recovery of a shotgun, a .357 magnum and
ammunition. A .38 caliber revolver was recovered from the
codefendant.

In opposing the motion, although the Assistant District Attor-
ney denied the factual allegations, he did consent to the holding
of an evidentiary hearing. However, while the court did direct a
hearing solely on the motion to suppress defendant's statement,

it summarily denied that phase of the motion to suppress physical evidence, finding the factual allegations insufficient.

We disagree. While the moving papers may have been insufficient in failing to conform to the statute (CPL 710.60 [1]), since counsel did not set forth the source of his information, nevertheless, the prosecutor waived compliance with the formal requirements of the statute by consenting to the holding of a suppression hearing (*see, People v Taylor,* 97 AD2d 381; *People v Jenkins,* 73 AD2d 694). The prosecutor's response to the motion was most conclusory, consisting of a general denial of the defendant's factual allegations. Inasmuch as no basis was offered for summary denial of the motion to suppress under CPL 710.60 (3), a hearing should have been held (*People v Banks,* 100 AD2d 780; *People v McNeil,* 55 AD2d 573; CPL 710.60 [4]).

Accordingly, since the record is insufficient to permit us to make our own findings of fact and conclusions of law on the issue, the matter should be remanded for a suppression hearing, with that branch of the appeal held in abeyance pending the remand (*see, Matter of Obulio M.,* 106 AD2d 297). Concur — Murphy, P. J., Kupferman, Sullivan, Kassal and Rosenberger, JJ.