■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HORACE DAWSON, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Pincus, J.), rendered May 27, 1982, convicting him of burglary in the third degree and grand larceny in the third degree, upon a guilty plea, and imposing sentence. The appeal brings up for review the denial, after a hearing (Bourgeois, J.), of that branch of defendant's omnibus motion which was to suppress physical evidence.

Judgment affirmed.

Defendant contends that Criminal Term should not have

granted the People's motion to reopen the suppression hearing. However, since defendant did not specifically challenge the reliability of the radio transmission until both parties rested, it was appropriate to allow the People to thereafter present the source of that transmission (see, *People v Havelka,* 45 NY2d 636, 643; *People v Ward,* 95 AD2d 233, 239-240).

A passenger in an automobile has standing to challenge the admissibility of any evidence seized as a result of an alleged illegal stop (see, *People v Smith,* 106 AD2d 525, 526; *cf. Rakas v Illinois,* 439 US 128). In our view, however, Criminal Term correctly decided that, based on the testimony of the arresting officer and the woman who was the source of the radio transmission, the police possessed probable cause to stop and arrest defendant and his cohorts. Therefore, the evidence observed in plain view on the front seat of the automobile was admissible and that branch of the motion which was to suppress that evidence was properly denied (see, *People v Class,* 63 NY2d 491, 494-495, *cert granted* — US —, 105 S Ct 1863). Brown, J. P., Rubin, Lawrence and Kooper, JJ., concur.