■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMON MADERA, Appellant.—Appeal from judgment of the Supreme Court, New York County (Carol Berkman, J., at suppression hearing; John A. K. Bradley, J., at trial and sentence), rendered May 6, 1985, which convicted defendant, after a jury trial, of criminal possession of a controlled substance in the fourth degree and criminally using drug paraphernalia in the second degree and sentenced him to concurrent terms of imprisonment of from 2 to 6 years and of six months, is held in abeyance, the order denying defendant's motion to suppress physical evidence without a hearing reversed, and the matter remanded for a *Mapp* hearing.

It was error for the hearing court to summarily deny defendant's motion to suppress physical evidence without holding a *Mapp* hearing, as required by CPL 710.60 (4). Defendant's motion papers alleged that the police had no reason to stop the vehicle in which defendant was a passenger, since it was being driven, with permission, by the brother of the vehicle's owner, was being operated in a lawful manner, and defendant and the driver were not engaged in any unlawful or suspicious conduct. Accordingly, defendant argued, the physical evidence seized as a result of that illegal stop must be

suppressed. The People's affirmation in opposition asserted that, as a passenger, defendant lacked standing to challenge the stop of the car; he had failed to allege sufficient facts to support a ground for suppression; and, he and the driver were engaged in unlawful activity by riding in a car which had been confiscated by the police.

Assuming the truth of defendant's claims that he and the driver were legally present in this car, that the car was being driven in a lawful manner and that they were not behaving in any manner which would arouse a police officer's suspicion, he has raised sufficient facts to support the grant of suppression. *(See, People v Martinez,* 111 AD2d 30.)

The People's claim, that the car had been confiscated with respect to an arrest of other suspects and left parked in front of the 7th Precinct with its coil removed, raised a question of fact as to whether or not the car had in fact been stolen, which would justify the stop of this car and the arrest of its driver and passenger. This disputed issue, however, should have been resolved at an evidentiary hearing. *(See, People v Banks,* 100 AD2d 780; *People v McNeil,* 55 AD2d 573.)

Finally, defendant, a passenger in the car, had standing to contest the legality of the initial stop and his forcible removal from the car and arrest as an unreasonable seizure of his person subject to 4th Amendment protection. *(People v Abrams,* 119 AD2d 682, 683; *People v Dawson,* 115 AD2d 611, 612; *People v Smith,* 106 AD2d 525, 526; *cf. Rakas v Illinois,* 439 US 128, 150-151 [Powell, J., concurring].) Accordingly, we remand for a *Mapp* hearing and hold this appeal in abeyance. Concur—Sandler, J. P., Carro, Asch and Milonas, JJ.