■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY PATTERSON, Appellant.—Appeal from the judgment of the Supreme Court, New York County (Harold Rothwax, J., at suppression motion; Howard E. Bell, J., at plea and sentence), rendered February 5, 1986, convicting defendant upon his plea of guilty of criminal possession of a controlled substance in the third degree and sentencing him to a term of 1 to 3 years, is held in abeyance, the order denying defendant's motion to suppress physical evidence without a hearing reversed, on the law, and the matter remanded for hearing on the issue of the legality of the police stop of the vehicle in which defendant was a passenger.

Defendant, in an omnibus motion, moved at Criminal Term for an order suppressing physical evidence found by the police or, in the alternative, for a hearing. In support of that motion, counsel for defendant alleged, *inter alia,* that the vehicle in which defendant was a passenger "was stopped by the police and seized and subjected to a search which resulted in the discovery of the contraband, the possession of which the defendant is herein charged. It is further submitted that the police did not have probable cause to make the stop and

seizure, nor did they possess a suspicion of criminal activity reasonable to justify their actions." Defendant's counsel further asserted that "the police officers herein * * * in fact, acted solely because the defendant and the other passenger in the livery cab were 'looking around suspiciously' ".

In papers submitted in response, the People argued that there had been no illegal stop, since the cab was stationary and its motor was not running when the officers approached, and that the officers neither ordered anyone from the cab nor restricted the cab's movement. The People alleged that the offices had approached the stopped cab, with a "reasonable suspicion of criminal activity", to inquire further and, as they did so, observed defendant throw a brown paper bag into the driver's seat of the cab. When this bag was retrieved, it was found to contain cocaine.

Criminal Term denied defendant's motion, ruling that defendant had not "shown sufficient standing to warrant a hearing", and upon reargument, adhered to its original decision. We find the denial of defendant's motion summarily, without holding a hearing as required by CPL 710.60 (4), to be error.

Defendant's motion papers alleged that the police stopped the vehicle "solely" because defendant and the other passenger " 'were looking around suspiciously' ". Although the People's response asserted that the police, in fact, did not stop the vehicle, this simply created a factual dispute which could only be resolved at a hearing (People v Banks, 100 AD2d 780).

The defendant, as noted, alleged sufficient facts which, if accepted as true, would establish that the cab in which he was a passenger was stopped illegally (see, People v Millan, 118 AD2d 236, 244). Further, defendant, as a passenger, had standing to challenge the legality of the stop and urge suppression of evidence which may have been the fruit of an unlawful stop (People v Madera, 125 AD2d 238; People v Millan, supra; People v Smith, 106 AD2d 525). Concur—Sullivan, J. P., Asch, Milonas, Kassal and Ellerin, JJ.