■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TONY RAMOS, Appellant.—Appeal from a judgment, Supreme Court, New York County (Herbert I. Altman, J.), rendered March 18, 1986, convicting defendant on a plea of guilty to criminal possession of a controlled substance in the second

degree and criminal possession of a weapon in the third degree and sentencing him to concurrent terms of 3 years to life imprisonment on the controlled substance count and 1 to 3 years on the weapon charge, is held in abeyance, the order (same court), dated December 1985, denying defendant's motion to suppress physical evidence without a hearing, reversed to the extent appealed from, on the law, and the matter remanded for a hearing on the issue of the legality of the police stop of the motorcycle on which defendant was riding.

On review of the record, we agree that the suppression court erred in summarily denying so much of defendant's motion as sought to suppress physical evidence without holding an evidentiary hearing as required by CPL 710.60 (4). In moving to suppress, defendant stated that, on September 12, 1985, at about 8:30 P.M., he was on a motorcycle at the tollgate of the Triborough Bridge, when he was approached by several police officers, who "were making an effort to determine whether I had committed a violation of the vehicle and traffic laws." A search of defendant's person and belongings resulted in the discovery of a manila envelope containing one pound of heroin. He alleges that, since the officers did not observe the commission of "any crime", they lacked probable cause in terms of either the stop or the ensuing search. Plainly, a reasonable interpretation of the affidavit would be that defendant had not been observed in violation of any traffic law or regulation.

The People, in opposing the holding of a *Mapp* hearing, claim that the police officers had probable cause to believe defendant was in possession of a stolen motorcycle and that he had been stopped for a traffic infraction. However, the record fails to disclose the nature of that infraction. While it is contended that defendant's inability to produce an unexpired registration or any identification, either for himself or the vehicle, authorized the police to take him into custody, nowhere in the record is the factual predicate for the initial stop.

Under the circumstances, it was error for the suppression court to summarily deny the motion. The prosecution's version of the facts as to the legality of the stop, which, in any event, was inadequate to establish legality as a matter of law, differed from that offered by defendant. As a result, this sufficed to create a factual issue, which required a hearing. *(See, People v Patterson,* 129 AD2d 527; *People v Martinez,* 111 AD2d 30; *People v Banks,* 100 AD2d 780.)* As we observed in *People v Banks (supra),* "Since the prosecution did not concede

the truth of the factual allegations made by defendant in support of his omnibus motion to suppress (CPL 710.60, subd 2, par [a]), the statute required the court to hold a hearing and make findings of fact (CPL 710.60, subd 4)."

Thus, since the record is insufficient to permit us to make our own findings of fact and conclusions of law on the issue, the matter should be remanded for a suppression hearing, with the appeal held in abeyance pending the remand (see, *People v Martinez, supra; Matter of Obulio M.*, 106 AD2d 297). Concur—Sandler, J. P., Sullivan, Carro, Kassal and Wallach, JJ.