■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELIX HENRIQUEZ, Appellant.—The appeal from a judgment, Supreme Court, New York County (Carol Berkman, J., on suppression motion; John Bradley, J., at trial and sentence), rendered May 6, 1985, convicting appellant, after a jury trial, of criminal possession of a controlled substance in the fourth degree (Penal Law § 220.09) and criminally using drug paraphernalia in the second degree (Penal Law § 220.50), and sentencing him to concurrent terms of imprisonment of 1 to 3 years and six months, respectively, is held in abeyance, the order denying appellant's motion to suppress physical evidence reversed, on the law, and the matter remanded for a *Mapp* hearing.

In *People v Madera* (125 AD2d 238), we held that the codefendant passenger in the vehicle driven by appellant had standing to contest its stop, and that codefendant's motion

papers raised sufficient factual allegations to warrant a hearing pursuant to CPL 710.60 (4). Inasmuch as appellant relied upon codefendant's motion papers to assert his own challenge to the stop, the People concede, and we agree, that a hearing is likewise required in this matter. Concur—Murphy, P. J., Ross, Kassal, Ellerin and Rubin, JJ.