(June 14, 1990)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

FELIX HENRIQUEZ, Appellant.—Judgment, Supreme Court, New York County (John Bradley, J., at trial and sentence; Joan Sudolnik, J., at suppression hearing), rendered May 6, 1985, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the fourth degree (Penal Law § 220.09) and criminally using drug paraphernalia in the second degree (Penal Law § 220.50) and sentencing him to concurrent terms of imprisonment of from 1 to 3 years and six months, is unanimously affirmed.

Pursuant to a prior order of this court (150 AD2d 227), this appeal was held in abeyance and the matter remanded for a suppression hearing on defendant's motion to suppress physical evidence. The hearing having been conducted, and a ruling denying defendant's motion to suppress having been rendered on December 8, 1989, we have examined the completed record, and conclude that there are no grounds for disturbing the judgment of conviction.

On March 21, 1984, defendant was stopped by police officers as he drove an automobile which, two weeks earlier, had been impounded by the police in connection with a narcotics arrest, and then stolen from outside the police precinct. Three police officers assigned to search for the automobile staked out the address to which it had been registered and, upon seeing defendant drive by in the stolen vehicle, approached with guns drawn and directed defendant and his passenger, codefendant Ramon Madera,* to put their hands on the dashboard. On the front seat midway between the two men, who were taken by surprise when confronted by the police, was a brown paper bag with its top folded over. Defendant and codefendant were removed from the car and handcuffed, and the bag retrieved. Upon opening it, the police discovered a number of glassine envelopes, a plastic bag containing white powder (which later proved to be heroin), and a white powdery laxative commonly used to dilute heroin. This physical evidence was the subject of defendant's motion to suppress. We affirm the denial thereof.

First, the record establishes that the police stop of the vehicle, which matched the make, color, and license plate number of the car reported stolen from police custody, was supported by probable cause and in all other respects proper. (See generally, People v Lypka, 36 NY2d 210.) Once defendant

---

* Madera's appeal was also held in abeyance (125 AD2d 238), but he chose to waive the suppression hearing, and his conviction was subsequently affirmed.

was under arrest and the vehicle recovered, the warrantless inspection of the paper bag was permissible for the purposes of routine inventory search. *(See, People v Gonzalez,* 62 NY2d 386.)

Defendant's claim that the prosecutor made an improper comment during summation was not preserved for appellate review as a matter of law (CPL 470.05 [2]). Were we to reach it in the interest of justice, we would nevertheless affirm, since the remark—that contents of the bag seized by the police were a veritable drug sales kit—was fair comment on the evidence. *(People v Ashwal,* 39 NY2d 105, 109, quoting from *Williams v Brooklyn El. R. R. Co.,* 126 NY 96, 103.)

With respect to defendant's claim that too much background information was introduced at the trial, the record establishes that his concern on this issue was addressed to his apparent satisfaction during a bench conference at the beginning of the trial. We also find without merit the argument that defendant was deprived of effective assistance of counsel. The record indicates that defendant received "reasonably competent" representation at all stages of these proceedings. *(People v Modica,* 64 NY2d 828, 829; *People v Baldi,* 54 NY2d 137, 146.) Any questions of alleged ineffectiveness which are not apparent in the record should, of course, be raised in a CPL 440.10 proceeding. *(People v Love,* 57 NY2d 998; *People v Brown,* 45 NY2d 852, 853-854.)

We have considered defendant's remaining arguments on appeal and find them to be without merit. Concur—Murphy, P. J., Ross, Kassal, Ellerin and Rubin, JJ.