■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WLADIMIR NEDO, Appellant.—Levine, J. Appeal from a judgment of the County Court of Schenectady County (Feldstein, J.), rendered May 13, 1991, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fourth degree.

Following his indictment for criminal possession of a controlled substance in the fourth degree, defendant made a motion seeking, *inter alia,* suppression of the lysergic acid diethylamide (hereinafter LSD) seized from his person during a stop by police on Liberty Street in the City of Schenectady, Schenectady County, on the ground that such physical evidence was the product of an unlawful search and seizure. In support of his motion, defendant submitted an affidavit in which he alleged that he was on Liberty Street on March 15, 1990 at 3:57 A.M. when he was stopped and detained by police officers "for no articulate reason". Defendant further averred that, "without any just cause or reason", he was subjected to a search of his person, during which a police officer "reached into my vest pocket and [removed] tangible property" that was not in plain view.

In response, the People alleged that defendant was stopped by police and questioned as to his identity after he was observed in a private parking lot in an area of the City where several burglaries had recently occurred. According to the People's version of the encounter, defendant was attempting to produce identification when the questioning officer noticed perforated squares of paper, believed to be laced with LSD, coming out of defendant's pocket. In addition to the foregoing, the People claimed that defendant's motion papers contained insufficient facts to support a ground for suppression and sought denial of defendant's motion on that basis *(see,* CPL 710.60 [3] [b]). County Court summarily denied defendant's

motion and defendant ultimately entered a plea of guilty to the crime as charged. This appeal followed.

In our view, County Court erred in denying defendant's suppression motion without holding a hearing pursuant to CPL 710.60 (4). Clearly, a reasonable interpretation of defendant's affidavit would be that he had not been involved in any unlawful or suspicious activity warranting the initial stop or the ensuing search (see, People v Ramos, 130 AD2d 439, 440). While the affidavit could have been more detailed, the factual allegations contained therein, which were sharply disputed by the People, were sufficient to warrant a hearing (see, People v Huggins, 162 AD2d 129, 130, lv denied 78 NY2d 923; People v Lee, 130 AD2d 400, 401-402).

Casey, J. P., Mikoll, Yesawich Jr. and Crew III, JJ., concur. Ordered that the decision is withheld, and matter remitted to the County Court of Schenectady County for a suppression hearing.