OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
*908 In August 1989, Police Officer Kevin Sherlock, while on routine motor patrol in Manhattan, received a report of an abduction in progress at 125th Street and Morningside Avenue. The report specified that two men in a grey four-door Volvo had kidnapped a third man and were holding him in the back seat of the car. Moments after receiving the transmission, Officer Sherlock spotted a vehicle which matched the description given in the radio run heading south on Morning-side Avenue at 117th Street. He then followed the vehicle and ordered its driver to pull over near 116th Street and Seventh Avenue. Several other officers, including Sergeant Robert Rivera, subsequently arrived at the scene. While Officer Sherlock approached the driver and asked him for his license and registration, Sergeant Rivera proceeded to the passenger side of the automobile, where defendant was sitting. Upon observing a plastic bag at defendant’s feet, the sergeant reached through the window of the car, picked up the bag, and, without opening it, shined his flashlight through it. Detecting what he believed to be marihuana, Sergeant Rivera ordered defendant out of the car. Defendant complied, and was subsequently placed under arrest. The ensuing search of defendant’s person disclosed the presence of a loaded .38 caliber revolver in defendant’s waistband. Defendant was thereafter indicted for criminal possession of a weapon in the third degree. Prior to trial, defendant moved to suppress the physical evidence that had been seized at the time of his arrest. After conducting a Mapp hearing, Supreme Court, New York County, denied defendant’s motion; and defendant subsequently pleaded guilty. On appeal, the Appellate Division affirmed.
Defendant does not dispute that the police had a legitimate basis to stop the vehicle in which he was riding; rather, he contends that the permissible scope of the stop was exceeded when Sergeant Rivera reached into the car and shined his flashlight through the plastic bag. We disagree. Inasmuch as the sergeant’s actions were reasonably necessary, under the circumstances, to ensure that the bag — which was well within defendant’s immediate reach — did not contain a weapon or some other instrumentality that posed a threat to the sergeant’s or his fellow officers’ safety, defendant’s right to be free from unreasonable searches and seizures was not impinged (see, People v Samuels, 50 NY2d 1035, 1037; see also, Terry v Ohio, 392 US 1).
Contrary to defendant’s contention, our holding in People v *909 Torres (74 NY2d 224) does not dictate a contrary result. There, the police proceeded to search a bag located on the front seat of a car that they had just stopped after the suspect had been removed from the vehicle. We concluded that, inasmuch as the police had already isolated the suspect from the bag, the search could not be said to have been "reasonably related to the need to protect the officers’ safety” (id., at 231). Here, by contrast, the rather cursory examination of the bag occurred while defendant was still sitting in the car. Since, at that point, the bag was still within defendant’s reach, the police were justified in examining it.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed in a memorandum.