■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESUS PONCE, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant contends that Supreme Court erred in denying his motion to suppress cocaine seized as the result of a warrantless search of a vehicle. We disagree. Defendant does not contest Supreme Court's conclusion that the police had sufficient evidence to provide them with reasonable suspicion and to justify forcibly removing him from the car and frisking him for weapons. Defendant contends, however, that the officers were not justified in seizing the white bag, which contained cocaine, from beneath the car seat after his removal from the car. Given the information that defendant might be armed and dangerous, his suspicious movements, and the continued presence of the driver in the vehicle at the time the bag was seized, we conclude that the police officers' limited intrusion into the car was reasonably related to the need to protect the officers' safety during this street encounter (see, People v Jackson, 79 NY2d 907; cf., People v Torres, 74 NY2d 224, 230-231). Here, unlike Torres, the police officers' limited intrusion into the vehicle was proper because they had not yet taken sufficient steps to secure their own physical safety and the driver might have obtained a weapon from under defendant's car seat.

We have reviewed defendant's remaining contentions and find them to be without merit. (Appeal from Judgment of Supreme Court, Onondaga County, Gorman, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Callahan, J. P., Boomer, Lawton, Boehm and Davis, JJ.