◾ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

JOHN MOORE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hanophy, J.), rendered February 14, 1990, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing, of that branch of the defendant's omnibus motion which was to suppress certain physical evidence seized from his person.

Ordered that the matter is remitted to the Supreme Court, Queens County, for a hearing on that branch of the defendant's motion which was to suppress evidence seized from his person, and the appeal is held in abeyance in the interim; the Supreme Court, Queens County, is to file its report with all convenient speed.

Following his indictment, the defendant moved to suppress cocaine and currency seized from his person on the ground that the physical evidence was the product of an unlawful search and seizure. The defense counsel's affirmation in support of the defendant's motion alleged that the defendant was in a public place when he was thrown against a wall and searched by a police officer without probable cause or the defendant's consent. The People opposed solely on the ground that the defendant failed to allege possession of the seized items, and therefore lacked standing.

The Supreme Court erred in summarily denying that branch of the defendant's omnibus motion which was to suppress the physical evidence recovered from his person without holding a hearing as required by CPL 710.60 (4). A reasonable interpretation of the defense counsel's allegations in support of the motion would be that the defendant had not been involved in any unlawful or suspicious activity warranting the search (*see, People v Nedo,* 177 AD2d 849; *People v Ramos,* 130 AD2d 439). Therefore, while the affirmation could have been more detailed, the factual allegations set forth therein were sufficient to warrant a hearing (*see, People v Huggins,* 162 AD2d 129; *People v Lee,* 130 AD2d 400). Further, the defendant clearly had standing to contest the search of his person (*see, People v Marte,* 149 AD2d 335). Bracken, J. P., Rosenblatt, Ritter and Pizzuto, JJ., concur.