■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN W. COLE, Appellant.—Harvey, J. Appeal from a judgment of the County Court of Rensselaer County (Ceresia, Jr., J.), rendered January 7, 1991, upon a verdict convicting defendant of the crime of criminal possession of a weapon in the third degree.

Defendant was indicted by a Grand Jury for criminal possession of a weapon in the third degree. This charge arose out of an event occurring on May 29, 1989 at an apartment defendant was sharing with his girlfriend, Crystal Waters, in the City of Troy, Rensselaer County. Apparently, defendant and Waters had an argument the previous day and Waters went to the empty apartment with several of her relatives in order to remove her belongings. Prior to the family's arrival at the apartment, Waters' sister called the Police Department because Waters was afraid of defendant and wanted the police to be there while she took her things. When Police Officers John Rogers and Timothy Haskins arrived they questioned Waters about why she required assistance; she informed them of a handgun defendant allegedly had in a briefcase in a closet in the apartment. She handed the briefcase to her brother-in-law, Chris Fillipone, who tried to give it to Rogers, but he refused to take it. After supposedly being advised that the police could not open the briefcase, but that the owner of the apartment could, Fillipone opened the briefcase and exposed two handguns.

Following defendant's arraignment, he moved to suppress the weapons confiscated by the police. Although a conference

on the suppression motion was held, it appears that no further proceedings with respect to the motion were conducted. Thereafter, a jury trial was held and defendant was convicted of the charged crime. Defendant was sentenced to a prison term of 1½ to 4½ years and this appeal followed.

Defendant's principal argument on appeal is his claim that his constitutional rights against unreasonable search and seizure under the US Constitution 4th Amendment and NY Constitution, article I, § 12 were violated when the police purportedly suggested that a civilian break open a locked briefcase supposedly belonging to him. He argues that the participation and knowledge of the police rendered the warrantless search unconstitutional. Therefore, according to defendant, all evidence generated by the search should have been suppressed. Significantly, defendant's motion papers and accompanying affidavit raise the necessary constitutional issue and sufficiently assert an expectation of privacy in the apartment where he resided. Because defendant's motion and affidavit make a prima facie case on one of the statutory grounds for suppression (CPL 710.20 [1]), County Court was required to either summarily grant the motion (CPL 710.60 [2]), summarily deny the motion (CPL 710.60 [3]), or "conduct a hearing and make findings of fact essential to the determination thereof" (CPL 710.60 [4]). "Regardless of whether a hearing was conducted, the court * * * must set forth on the record its findings of fact, its conclusions of law and the reasons for its determination" (CPL 710.60 [6]).

Here, County Court apparently failed to take any of these actions despite the fact that the court acknowledged the need for a hearing at the suppression conference. The case went on to trial and no objection to the admission of the handguns was made. There is no indication from the record, however, that defendant did anything to waive or reject his right to a hearing on this issue (see, e.g., People v Wachtel, 124 AD2d 613, 615, lv denied 69 NY2d 835). Inasmuch as no suppression hearing was held despite the existence of properly invoked questions concerning the propriety of the search of the briefcase, defendant was deprived of the full opportunity to present facts pertinent to the legality of the search and seizure of the handguns (see, People v Patterson, 129 AD2d 527, 528; People v Werner, 55 AD2d 317, 320). Consequently, we conclude that the present appeal must be held in abeyance and the matter must be remitted to County Court for an appropriate suppression hearing (see, e.g., People v Whitehead, 143 AD2d 1066, lv denied 75 NY2d 777; People v Patterson, supra). Due to our

decision in this matter, it is unnecessary at this time for us to consider defendant's other argument on appeal relating to the jury charge.

Mikoll, J. P., Crew III, Mahoney and Casey, JJ., concur. Ordered that the decision is withheld, and matter remitted to the County Court of Rensselaer County for further proceedings not inconsistent with this Court's decision.