■ In the Matter of TINA B., a Person Alleged to be a Juvenile Delinquent, Appellant.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Clark, J.), dated December 19, 1990, which, upon a fact-finding order of the same court, dated October 18, 1990, made upon the appellant's admission, finding that the appellant had committed an act which, if committed by an adult,

would have constituted the crime of criminal possession of marihuana in the second degree, adjudged her to be a juvenile delinquent, and placed her on probation under the supervision of the Queens County Probation Department for a period of 18 months. The appeal brings up for review the fact-finding order dated October 18, 1990, and the denial, without a hearing, of that branch of the appellant's omnibus motion which was to suppress certain physical evidence seized from her person.

Ordered that the matter is remitted to the Family Court, Queens County, to hear and report on that branch of the appellant's motion which was to suppress evidence seized from her person, and the appeal is held in abeyance in the interim; the Family Court, Queens County, is to file its report with all convenient speed.

The appellant moved to suppress evidence of the packages of marihuana which were seized from her person by Customs agents at John F. Kennedy International Airport on the ground that the evidence was obtained as a result of an unlawful search and seizure. The prosecution opposed the motion solely on the ground that a pat-down search by Customs agents of a passenger arriving from a foreign country, which occurred here, is constitutionally permissible even in the absence of any suspicion of criminal activity, relying on *United States v Montoya de Hernandez* (473 US 531). The Family Court agreed with the prosecution and summarily denied the request for a *Mapp* hearing. We find that the Family Court erred in summarily denying the motion on this ground, since the singling out of an arriving passenger for extended detention and a full body pat-down search must be justified by "some level of suspicion" which is based upon legitimate factors *(People v Luna,* 73 NY2d 173, 179).

The prosecution contends that the motion was nevertheless properly denied because the appellant's moving papers failed to present factual allegations sufficient to warrant a hearing *(see,* CPL 710.60 [1], [3]; Family Ct Act § 330.2 [1]). In the appellant's moving papers, the Law Guardian asserted, based on conversations with the appellant, that the appellant was taken into custody as she was walking in the customs area of the airport after arriving on a flight from Jamaica and that she was not engaged in any suspicious activity at the time. The Law Guardian asserted that the border officials had no objective basis for suspecting the appellant of smuggling. While the affirmation could have been more detailed, we find that the factual allegations were sufficient to warrant a hear-

ing *(see, People v Moore,* 186 AD2d 591; *People v Huggins,* 162 AD2d 129; *People v Miller,* 162 AD2d 248).

We decline to reach the prosecution's remaining arguments regarding *People v Luna (supra),* as they are better addressed to the Court of Appeals. Mangano, P. J., Bracken, Sullivan and O'Brien, JJ., concur.