■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WLADIMIR NEDO, Appellant. [598 NYS2d 387] —Levine, J. Appeal from a judgment of the County Court of Schenectady County (Feldstein, J.), rendered May 13, 1991, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fourth degree.

When this appeal was previously before us, we held that defendant's affidavit in support of his motion to suppress drugs seized from his person during a stop by the police raised a triable issue as to whether he had been subjected to an unlawful search and seizure, requiring a hearing (177 AD2d 849, 850). We therefore withheld decision on defendant's appeal and remitted the matter to County Court for a hearing *(supra).*

The suppression hearing on defendant's motion was held and County Court rendered a decision upholding the seizure. The record clearly supports County Court's finding that the initial stop of defendant by the police was purely a request for information. At about 4:00 A.M., the police officers who stopped defendant had observed him leaving the parking area of a downtown apartment complex in the City of Schenectady, Schenectady County. Before going on their patrol assignment that night, the officers had been instructed to pay extra attention to car break-ins which had been occurring with some frequency in the downtown area. The officers thus had an articulable objective reason to approach defendant, and

their inquiry was limited to obtaining identification and ascertaining his reason for being in the area and his destination. Thus, County Court correctly determined that the initial stop was legal *(see, People v Hollman,* 79 NY2d 181, 190-191). Nor do we find any basis in the record to disturb County Court's further finding that the plastic bag containing the drugs was observed by the police officers, and recognized as such, when it was inadvertently exposed by defendant while attempting to remove identifying documents from his vest to show the officers. Thus, the police had probable cause to make the arrest. Consequently, defendant's conviction should be affirmed.

Mikoll, J. P., Yesawich Jr., Crew III and Casey, JJ., concur. Ordered that the judgment is affirmed.