■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v HECTOR DELACRUZ, Respondent. [662 NYS2d 300] —Order, Supreme Court, New York County (Charles Tejada, J.), entered May 17, 1995, which granted defendant's motion to suppress physical evidence, unanimously reversed, on the law, and the motion denied. Order, same court and Justice, entered October 20, 1995, which dismissed the indictment charging defendant with one count each of criminal possession of a controlled substance in the first degree and criminal possession of a controlled substance in the third degree, unanimously reversed, on the law, the indictment reinstated and the matter remanded for further proceedings.

Testimony educed at a suppression hearing, held in April 1995, reveals that defendant was a passenger in an automobile driven by one Dagoberto Gutierrez when it was observed passing through a steady red light at the intersection of Lexington Avenue and 114th Street by New York City Police Detective Richard Popp. Detective Popp, who was patrolling in an unmarked car, was accompanied by Detectives Torres and McGhee. After it had proceeded through the intersection, the car carrying the defendant immediately pulled to the curb and stopped, whereupon, the police officers double-parked their vehicle in front of it.

Detectives Popp and Torres, from inside their vehicle, then observed defendant begin to emerge from the passenger side of the car with a brown paper bag in his left hand. Defendant, however, did not fully exit the car but, upon looking in the direction of the unmarked police car, quickly re-entered the vehicle and, less than a minute later, completely re-emerged from the passenger side without the brown paper bag. At approximately the same time, Detective McGhee approached the driver's side of defendant's vehicle, Detective Popp approached the passenger side and Detective Torres approached defendant, who was now on the sidewalk.

Detective Popp then looked into the car and saw what he

believed to be the brown paper bag defendant had been holding moments earlier, which was now on the floor of the car behind Gutierrez' legs and within his reach. Detective Popp, believing the bag could have contained a gun, reached into the car and retrieved it in order to secure the car. Upon picking up the bag, Detective Popp noted that it was heavy and contained a hard object, but through his handling of the bag, the detective determined that it contained a "brick of something solid", but not a gun. Detective Popp, however, testified that through his training and experience, he believed the bag might contain a brick of cocaine, so he opened the bag and, in fact, discovered a brick of cocaine. Gutierrez and defendant were then arrested.

Following the hearing, the court granted suppression of the physical evidence. In so ruling, the court held, *inter alia*, that the police were authorized to stop the car based on their observation of the traffic infraction, and that while a frisk of the bag for safety purposes was proper, once Detective Popp determined the bag did not contain a weapon, he was not authorized to look into it because there was no probable cause to support the search.

Initially we note that the hearing court correctly found that the police were entitled to stop the car because of the traffic infraction (*People v Ingle*, 36 NY2d 413, 420; *People v Durgey*, 186 AD2d 899, *lv denied* 81 NY2d 788; *Terry v Ohio*, 392 US 1, 21) and to conduct a cursory examination of the paper bag, which was well within Gutierrez' reach and posed a potential threat to the officers' safety (*People v Jackson*, 79 NY2d 907, 908). We also agree with the hearing court that Detective Popp exceeded his authority when he opened the bag after concluding it did not hold a weapon (*see, People v Knight*, 138 AD2d 294, *appeal dismissed* 73 NY2d 992; *People v Ocasio*, 119 AD2d 21). The court erred, however, when it concluded that defendant had standing to challenge the search of the bag and that he had not abandoned it.

In the case before us, the defendant does not have automatic standing to challenge the search inasmuch as he was not charged with criminal possession of a controlled substance under a statutory presumption (*see*, Penal Law § 220.25 [1]; *People v Drakes*, 175 AD2d 841). Rather, the People made it clear that the basis of their prosecution was that the defendant had actual possession of the cocaine.

While it has been held that a passenger in an automobile has standing to challenge the legality of a stop of a vehicle in which he or she was riding (*People v Madera*, 125 AD2d 238; *People v Dawson*, 115 AD2d 611), no challenge has been raised

as to the legitimacy of the stop in this case. Likewise, although a mere passenger has no standing to contest the search of the interior of a lawfully stopped vehicle (*Rakas v Illinois,* 439 US 128; *People v Finley,* 145 AD2d 434), he or she may have standing to contest the seizure of a bag or container where an expectation of privacy is established in the place or property seized (*People v Ramirez-Portoreal,* 88 NY2d 99, 108-109; *People v Bell,* 121 AD2d 455, 456; *People v Gonzalez,* 115 AD2d 73, *affd* 68 NY2d 950).

The test for determining whether standing has been established is composed of two parts, the first whether the defendant exhibited a subjective expectation of privacy in the place or item searched and the second is whether society would recognize defendant's expectation of privacy as objectively reasonable (*People v Ramirez-Portoreal, supra,* 88 NY2d, at 108). The defendant's actions hardly manifested an expectation of privacy that society would recognize as reasonable in either the place searched (the floor of the driver's side of the car) or the item seized (a paper bag).

As to the first prong of the *Ramirez-Portoreal* test, the *subjective* analysis, defendant states that he never even possessed the paper bag and that it is not his, which statement, it should be noted, was made not under police pressure at the scene of the seizure and arrest, but in his motion papers. The People assert, however, and the court found, that the defendant in fact possessed the contraband in question, albeit briefly. A defendant in this stance may generally rely on the People's evidence of possession in an attempt to establish standing but a showing of a possessory or proprietary interest in the item seized is not by itself the determinative factor on the issue of standing (*People v Whitfield,* 81 NY2d 904, 906; *People v Rodriguez,* 69 NY2d 159, 163, citing *Rawlings v Kentucky,* 448 US 98).

The People's evidence places the bag in defendant's hands only momentarily as he stepped out of the passenger's side of the vehicle. From where it was found, it can be inferred that he either threw or slid the bag across the floor of the car to the area under the driver's legs, exited the car again and walked away to "go home". The defendant was not ordered out of the vehicle by the police; he made a calculated decision to leave after a legitimate traffic stop. Nor was the paper bag placed deep under the passenger's seat, in the glove compartment or into some other closed or secure location (*see, People v Class,* 63 NY2d 491, 495, *revd on other grounds* 475 US 106 ["(T)here are many places inside a car—including the area underneath

the seats—which cannot be viewed from the outside and which an individual legitimately expects will remain private"]). To the extent the bag of cocaine was possessed by defendant at all, he also chose to carry it not in a knapsack, briefcase, piece of luggage or sealed box, but in an unsealed and unlabeled paper bag, hardly indicative of an intent to exclude others.

Likewise, an *objective* analysis, the second prong of the *Ramirez-Portoreal* test, reveals no factors that would lead society to regard defendant's privacy expectations as reasonable. Defendant placed the paper bag on the floor of the driver's side of a car that had just been stopped by the police (for reasons all concede were legitimate) and potentially in view of the police who were approaching the car to question the driver. Aside from his sworn disclaimer of any possessory involvement with the property, his actions reflect a total lack of any continuing interest in the item. The police, in conducting their legitimate inquiry of the driver, and the driver himself, would have had direct access to the unsealed paper bag. Under such circumstances, a defendant relinquishes any privacy interest in the place or object searched by leaving the object in a place to which others have access or by leaving the object in plain view (*People v Wesley*, 73 NY2d 351, 359).

Accordingly, since he had no standing, suppression should not have been granted as to defendant. Concur—Wallach, J. P., Nardelli, Tom, Mazzarelli and Andrias, JJ.