■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAY JONES, Appellant. [670 NYS2d 96] —Judgment, Supreme Court, New York County (Daniel FitzGerald, J.), rendered May 8, 1995, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree, and sentencing him, as a second felony offender, to a term of 4 to 8 years, unanimously affirmed.

Defendant's suppression motion was properly denied. We see no reason to disturb the hearing court's credibility determinations, which are supported by the record (*see, People v Prochilo*, 41 NY2d 459, 461). There was no evidence that the stop of the taxi cab (in which defendant was a passenger) for a traffic violation committed by the driver was pretextual since the officer testified that he did not notice the two passengers in the back seat until after the police had decided to stop the taxi cab for a traffic infraction (*see, People v Washington*, 238 AD2d 43). Upon approaching the taxi cab, the officer noticed defendant leaning forward with his hand inside a bag in front of him, whereupon the officer appropriately opened the back door and saw defendant clutching a black metal object, which he perceived to be a gun (*see, People v Morales*, 198 AD2d 129, *lv denied* 83 NY2d 808). Since this combination of factors provided reasonable suspicion (*see, People v Carvey*, 89 NY2d 707), the officer properly removed the bag from defendant's possession and, from its configuration, confirmed the officer's prior observation (*see, People v Jackson*, 79 NY2d 907; *People v DeLaCruz*, 242 AD2d 410). The police then properly arrested defendant and searched the bag (*People v Cartagena*, 189 AD2d 67, 72, *lv denied* 81 NY2d 1012). Concur—Sullivan, J. P., Rosenberger, Nardelli, Rubin and Saxe, JJ.