■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHNNY DINGLE, Appellant. [679 NYS2d 19] —Judgment, Supreme Court, New York County (Alvin Schlesinger, J.), rendered May 1, 1996, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him to concurrent terms of 1 to 3 years, unanimously affirmed.

Defendant's suppression motion was properly denied. Defendant lacked standing to suppress a pouch from which vials of crack cocaine were recovered, because defendant did not establish that he retained any legitimate expectation of privacy in the pouch after he threw it, upon the legitimate approach of the police, into a van parked nearby (*People v Ramirez-Portoreal*, 88 NY2d 99). Although defendant bears the burden of proof with respect to standing, he never asserted any connection with the van and, once he threw the pouch into it, he could not reasonably expect that others would not have access to the pouch (*People v DeLaCruz*, 242 AD2d 410; *People v Laws*, 208 AD2d 317). Concur—Lerner, P. J., Sullivan, Rosenberger, Ellerin and Rubin, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAM PRIOLEAU, Appellant. [679 NYS2d 295] —Judgment, Supreme Court, New York County (Howard Bell, J.), rendered May 2, 1996, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to a determinate term of 5 years, unanimously affirmed.

Defendant's suppression motion was properly denied. We see no reason to disturb the hearing court's credibility determinations, which are supported by the record (see, *People v Prochilo*, 41 NY2d 759, 761). Concur—Lerner, P. J., Sullivan, Rosenberger, Ellerin and Rubin, JJ.